Argued and submitted November 1, 1985, reversed and remanded May 14, reconsideration denied June 6, petition for review denied July 29, 1986 (301 Or 445)

## McLEOD,
*Respondent,*

*v.*

## FOSSI,
*Appellant.*

(43-302; CA A34610)

719 P2d 57

Charles S. Tauman, Portland, argued the cause for appellant. With him on the briefs was Bennett, Hartman, Tauman & Reynolds, P.C., Portland.

William E. Hurley, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brought this action to collect on two promissory notes allegedly executed by defendant. The trial court held that plaintiff had failed to prove the execution or existence of the alleged $10,000 note.[1] The court held that defendant had executed and delivered the second note, for $20,000, but that he was not liable on it. Defendant asked for attorney fees on the basis of a provision in the note. It is from the court's denial of attorney fees that defendant appeals. We reverse and remand.

The record in this case is nebulous, and it is difficult to ascertain the exact nature of the transaction or what the parties actually intended. We do know, from the trial court's discussion of the evidence at the close of the case, that it accepted defendant's version of the facts, because plaintiff's testimony conflicted with that of defendant on every material fact. Although we are unable to discern precisely what the parties intended by the giving and receiving of this note, our reading of the record leads to this reconstruction of the court's findings concerning the agreement.

Defendant testified that plaintiff needed approximately $40,000 to purchase land for a proposed project. Defendant could become a partner in the venture if he could raise half of the money. Although he did not have his half of the needed investment, he anticipated receiving $20,000 from another source in the near future. Therefore, in lieu of the cash, he executed a note to plaintiff for $20,000, which, as best as we can tell from the record, plaintiff planned to use as collateral to borrow the necessary funds. The parties agreed that, if defendant received $20,000 from the other source as anticipated, defendant would be liable on the note and the venture would proceed. However, if defendant did not obtain the funds, he would be liable on the note only if plaintiff used it as collateral to raise the necessary funds and if the venture proceeded. Defendant did not obtain the $20,000, and there is no evidence in the record whether plaintiff used the note as collateral. The venture was never undertaken. Accordingly, the trial court held that defendant was not liable on the note.

---

[1] The $10,000 note is not involved in this appeal.

The note contained a provision for payment of attorney fees in the event that it was placed in the hands of an attorney for collection. ORS 20.096(1) provides that attorney fees clauses in contracts are reciprocal.[2] The issue in this case is whether, in an action on a note, a defendant who prevails by showing failure of a condition precedent is entitled to attorney fees under that statute.

■    Plaintiff argues that, because the statute provides for an award of attorney fees to the prevailing party in an action on a "contract," when a defendant asserts and proves nonliability, there is no "contract" and, therefore, ORS 20.096(1) does not apply. We disagree. The parties had entered into an agreement, and one provision of the agreement was for attorney fees. The purpose of ORS 20.096(1) is to allow both parties to a contract the same right to collect attorney fees despite one-sided contractual provisions, thereby assuring reciprocity and mutuality. *Jewell v. Triple B. Enterprises,* 290 Or 885, 626 P2d 1383 (1981). If one party would be entitled to attorney fees under the contract had it prevailed, the other party is similarly entitled to an award of attorney fees when it prevails.

■    In this case, plaintiff brought an action to collect on a promissory note. He prayed for attorney fees under a contractual provision that would have supported an award had he prevailed. Defendant, who necessarily incurred the cost of retaining legal counsel to present his defense, was able to establish nonliability, and he prevailed. When, as here, there is an action on a contract against which the defendant successfully defends, both the statute and the policy it embodies require that defendant be entitled to his attorney fees.

Plaintiff also argues that, if defendant is entitled to attorney fees,[3] there was a total failure of credible evidence to

---

[2] ORS 20.096(1) provides:

"In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements."

"Contract" includes any document or instrument evidencing a debt. ORS 20.096(6).

[3] Defendant's counterclaim—the only pleading in which he makes a claim for attorney fees—does not allege the facts, statute or rule providing the basis for the award of fees, as required by ORCP 68C(2). However, any objection was waived by plaintiff in this case.

support the amount claimed. The affidavit submitted "does not itemize or particularize the services rendered and the time devoted to the services," as required. *See Parker v. Scharbach,* 75 Or App 530, 535, 707 P2d 85 (1985). However, defendant did not have any reason or opportunity to develop evidence concerning the reasonableness of the value of the legal services rendered, because the court had already determined that there was no entitlement to attorney fees. On remand, defendant is entitled to an evidentiary hearing on his claim for fees.

Reversed and remanded.