Argued and submitted February 20, reversed on appeal, affirmed on cross-appeal and remanded April 22, 1987

## MULLENDORE,
*Respondent - Cross-Appellant,*

*v.*

## CAREY et al,
*Appellants - Cross-Respondents.*

(85-399-CV; CA A39304)

735 P2d 1300

William H. Ferguson, Medford, argued the cause for appellants - cross-respondents. With him on the briefs was Grant, Ferguson, Carter, Medford.

Bonham J. Matzen, Klamath Falls, argued the cause for respondent - cross-appellant. On the brief was Neal G. Buchanan, Klamath Falls.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM .

## PER CURIAM

Plaintiff sought specific performance of an earnest money agreement. The trial court held that there was no valid contract between the parties and awarded defendants costs but no attorney fees. Defendants appeal the denial of attorney fees, and plaintiff cross-appeals the denial of specific performance as to defendant Carey. We reverse on appeal and affirm on cross-appeal.

■ The contract which plaintiff sought to enforce contains the following provision:

> "If suit or action is filed on this contract, the party not prevailing agrees to pay the prevailing party's reasonable attorney's fees which shall be fixed by the court or courts in which the suit or action, including any appeal therein, is tried, heard or decided."

In defending the action, defendants necessarily incurred attorney fees to present their defense and establish that no enforceable contract exists. They therefore prevailed in the action on the contract and are entitled to their reasonable attorney fees. *McLeod v. Fossi,* 79 Or App 306, 309, 719 P2d 57, *rev den* 301 Or 445 (1986).

■ On *de novo* review, we hold that defendant Carey did not enter into a valid contract with plaintiff, who never accepted Carey's offer; similarly, Carey never accepted plaintiff's counteroffer.

Reversed on appeal; affirmed on cross-appeal; remanded for determination of defendants' reasonable attorney fees.