# DENNIS' SEVEN DEES LANDSCAPE, INC.,
*Appellant,*

*v.*

## PLATT et ux,
*Respondents.*

(62-532; A44488)

756 P2d 683

Daniel Hoarfrost, Portland, argued the cause and filed the brief for appellant.

Mark L. Cushing, Portland, argued the cause for respondents. With him on the brief were Mary D. Del Balzo and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff appeals from a judgment awarding attorney fees to defendants as prevailing parties in a contract case. We affirm.

Plaintiff, a landscaping company, and defendants, homeowners, entered into a contract for the installation of a lawn, shrubs and a sprinkler system at a cost of $4,300. Defendants understood that the sprinkler system would water both the lawn and the shrubs. However, when the system was installed, it did not water the shrubs. Plaintiff contended that, under the contract, the sprinkler system was not supposed to water the shrubs. After the dispute arose, defendants stopped paying under the contract. Up to that time, they had paid plaintiff $2,225. They hired another landscape company, at a cost of $1,435, to replace the shrubs that had died due to a lack of water and to install a sprinkler system which would water the shrub area.

In September, 1986, before plaintiff filed this case, defendants sent plaintiff a check for $640, which represented the remainder owing to plaintiff after subtracting the cost of hiring the other landscape company. Plaintiff never cashed the check and never returned it to defendants before the litigation. There is no evidence that defendants stopped payment on the check.

In October, plaintiff filed a breach of contract action, seeking $2,075 in damages.[1] The primary issue at trial was whether the contract included a sprinkler system which would water the shrubbery. The trial court entered judgment for plaintiff in the amount of $640 but awarded defendants attorney fees and costs as the prevailing party. The judgment states, in pertinent part:

> "The court having heard arguments by the respective counsel and being fully advised concludes that plaintiff was entitled to be compensated by defendants only in the amount of $640, which amount was tendered by defendants to plaintiff on or about September 12, 1986, prior to the filing of the lawsuit by plaintiff. It is therefore

---

[1] This amount was amended at trial to $2,150 to cover the costs of additional work which plaintiff performed for defendants. Plaintiff, however, does not include the additional amount in his brief, so we use the figures provided to us.

"ORDERED AND ADJUDGED that plaintiff recover from and have judgment against defendants for the sum of $640, and it

"IS FURTHER ORDERED AND ADJUDGED that as prevailing party defendants recover their attorney fees in the amount of $2513, plus costs and disbursements of $133.60."

Plaintiff argues that the trial court erred in awarding attorney fees to defendants and denying them to plaintiff. The contract in this case contains a provision for the recovery of attorney fees:

"Customer agrees to pay any and all attorney and/or collection fees incurred in collecting or attempting to collect an over-due account."

ORS 20.096 provides that, when a contract includes a one-sided attorney fees provision in an action on the contract, the prevailing party has the right to recover attorney fees.[2]

This case presents some difficulty in determining who is the prevailing party. Under ORS 20.096(5), the prevailing party is the one in whose favor final judgment is rendered. Plaintiff argues that, because final judgment was entered in its favor, it is the prevailing party pursuant to ORS 20.096 and is entitled to attorney fees.[3] The judgment does state that plaintiff is to have judgment against defendants in the amount of $640. However, it also states that that amount was already tendered to plaintiff. Generally, a finding that a judgment is rendered in favor of a particular party "presumes that the party in whose favor judgment was rendered either successfully brought a claim on a contract or successfully defended against one." *Stanfill v. TAT (U.S.A.) Corp.*, 76 Or App 332, 709 P2d 717, 337 (1985), *rev den* 300 Or 562 (1986). By not awarding plaintiff the entire amount prayed for, the trial court

---

[2] We do not address the issue of whether plaintiff has a separate right to attorney fees pursuant to the contract, without resort to ORS 20.096, because, on appeal, plaintiff does not raise that issue, but contends that ORS 20.096 governs the award of attorney fees in this case. *See City of Portland v. George D. Ward & Assoc.*, 89 Or App 452, 460, 750 P2d 171, *rev den* 305 Or 672 (1988).

[3] After oral argument, defendants filed a motion seeking leave from this court pursuant to ORCP 71B to file an amended form of judgment. Defendants contend that the present judgment is the result of mistake, inadvertence or excusable neglect. ORCP 71B. The motion is denied.

necessarily found that plaintiff should have installed a sprinkler system which would water the shrub area. Plaintiff, therefore, did not succeed on its claim. Defendants successfully defended against plaintiff's claim. *McLeod v. Fossi,* 79 Or App 306, 719 P2d 57, *rev den* 301 Or 445 (1986). Under these unusual facts, the fact that the judgment technically was entered in plaintiff's favor is not dispositive of the issue of which party is the prevailing party. *See American Petrofina v. D & L Oil Supply,* 283 Or 183, 533 P2d 521 (1978); *Stanfill v. TAT (U.S.A.) Corp., supra.* This conclusion is also consistent with our reasoning in *Zidell v. Greenway Landing Devel. Co.,* 89 Or App 525, 749 P2d 1210 (1988), where we held in that case that a defendant is the prevailing party only when the plaintiff takes nothing. Here, in the light of defendants' prelitigation offer to plaintiff of the exact amount awarded by the judgment, plaintiff effectively obtained nothing by the litigation. The court correctly awarded attorney fees to defendants as the prevailing party.

Affirmed.