## CIRCUIT COURT OF FAIRFAX COUNTY

Tipco Homes, Inc.

v.

Professional Service Indus., Inc.,
and Novac, Inc.

June 25, 1990

Case No. (Law) 89584

By JUDGE THOMAS S. KENNY

This case is before the court on Defendant Professional Service Industries, Inc.'s (PSI) motion for an award of attorney's fees and costs. The issue presented is whether such a motion based upon a contractual provision between the parties may be made at this point in the proceedings. More specifically, must such a request be made in a counterclaim or in a subsequent proceeding, or may it be made, as here, in a post-trial motion. After reviewing memoranda from counsel in both support and opposition, and from my own research, it is quite clear that this distinct issue has not been decided in Virginia.

There is no question that reasonable attorney's fees may be recovered by a "prevailing party" to a law suit based upon a provision in a contract between the parties which provides for such a recovery. *See, East Texas Salvage & Machine v. Duncan*, 226 Va. 160 (1983), and *C & P Telephone Co. of Virginia v. Sisson and Ryan, Inc., et al.*, 234 Va. 492 (1987). The question is whether that issue must be presented to the jury in the form of a counterclaim or may be decided by the trial judge after the jury has decided the merits of the case.

As given above, this issue has not arisen in the Commonwealth and seems to be somewhat unusual for any state east of the Mississippi River. On the other hand,

the issue appears to be quite common in many western states, presumably because many of the legislatures and courts in those states have long approved of such recoveries. Interestingly, C & P Telephone cited Idaho case law in the case cited above in support of its motion for attorney's fees and the Virginia Supreme Court quoted the case cited in its opinion. *C & P Telephone Co. of Va.* at 502. I believe this is indicative of both the lack of precedent from local jurisdictions in this area of the law and the force which should be given to the decisions of state courts which have been struggling with these issues for a long time.

It appears that the issue of whether the claimant of attorney's fees is a "prevailing party" under either a contract or statute awarding attorney's fees to such a party is predominantly viewed as an issue of law to be determined by the trial court after the substantive issues raised by the parties have otherwise been determined by the trier of fact. *See, Dennis' Seven Dees Landscape, Inc. v. Platt*, 756 P.2d 683, 91 Or. App. 663 (1988); *Lauderdale v. Grauman*, 725 P.2d 1199, 223 Mont. 357 (1986); *Chadderson v. King*, 659 P.2d 160, 104 Idaho 550 (1983). Once determining that issue, the trial court is then given wide discretion in determining the reasonableness of the award claimed. *Marlowe v. Der-Hart Associates, Inc.*, 660 P.2d 716, 68 Or. App. 106 (1984).

I find this method of disposing of the issue very persuasive. Submitting the issue to the jury as a counterclaim is simply unworkable. The question of whether the defendant is a prevailing party under the contract, as a question of law, can logically only be decided by the trial judge after final judgment on the merits. Any other disposition would be putting the cart before the horse.

Furthermore, once the trial judge has dismissed the jury and a motion has been made by the "prevailing party" for his attorney's fees, it only makes practical sense for that trial judge to also determine the reasonableness of the fees claimed. There is no way to make an accurate claim before the party has prevailed, and it would be a waste of judicial resources to force that party to sue in a subsequent action.

It is to be noted that the Virginia Supreme Court in *C & P Telephone* ordered that the case be remanded for

a new trial on the issue of damages but ordered that the trial judge should fix the appropriate amount of attorney's fees to be awarded since the issue of whether such fees could be awarded had been decided in the affirmative. It is true that the parties in that case had originally agreed for the trial judge to determine that issue, but it is not clear whether the Court was ordering the remand in that way due to that agreement or because they also believed that that was the correct way of handling the issue.

Therefore, I find defendant PSI's post-trial motion for attorney's fees to be valid procedurally. Further, I find that said defendant has prevailed within the meaning of the contract and as such is entitled to reasonable attorney's fees, court costs, witness fees and other related expenses.

The fees and expenses claimed here total $37,129.35. Of this amount, I will disallow the $4,045 claimed for Mr. Anderson's appearance as being an unreasonable expenditure for the appearance of a relatively brief fact witness. Although I recognize that he was beyond the subpoena power of the Court, less expensive alternatives, such as a video-taped or transcribed deposition *de bene esse*, were available. For the same reason, I will also disallow the special process server fees amounting to $270.

The remaining fees and expenses have been adequately documented and appear both reasonable and necessary to the successful defense of this claim. I will therefore enter a judgment order awarding $32,814.35 in fees and costs to the defendant, PSI, in this matter.