Argued and submitted January 29, reversed July 25, 1990

Dennis LOWENTHAL
and Susan Lowenthal,
*Appellants,*

*v.*

Mary K. STANLEY,
*Defendant,*

*and*

Warren Z. BIDEN
and Philip Thompson,
*Respondents.*

(87-1258-C; CA A60092)

795 P2d 595

Thomas A. Davis, Portland, argued the cause for appellant. With him on the brief was Smith & Davis, Portland.

Timothy R. Volpert, Portland, argued the cause for respondents. With him on the brief were Phillip C. Querin and Ragen, Tremaine, Krieger, Schmeer & Neill, Portland.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Plaintiffs appeal the award of attorney fees to defendants. We reverse.

Plaintiffs own a house in Stanhurst, a residential housing development. Under one of the requirements of purchasing and building in Stanhurst, plaintiffs became bound to a Declaration of Protective Covenants, Conditions, Restrictions and Easements. The declaration imposes duties on owners with respect to landscaping. Plaintiffs became concerned that several landowners were not complying with those duties.

Plaintiffs filed suit against Stanley, Biden and Thompson. The amended complaint[1] alleged, in relevant part:

"3.

"Defendants are members of the Architectural Control Committee formed under the terms of said Declaration.

"4.

"Defendants, as members of said Committee, have failed to enforce the requirements and covenants contained in said Declaration [regarding landscaping duties]."

Plaintiffs prayed for this relief:

"1. For an Order requiring Biden, Thompson or Stanley or a combination to immediately install three active members to serve as the Architectural Control Committee.

"2. For an Order requiring Defendants to immediately enforce the terms of the Declaration of Covenants as to any owners in violation of said Declaration."

Before trial, plaintiffs dismissed the case as to Stanley, because they learned that she no longer was a member of the architectural committee. After the presentation of plaintiffs' case, the court granted the two remaining defendants' motion to dismiss under ORCP 54B(2), on the ground that it could not substitute its judgment for the judgment of

---

[1] The initial complaint contained a "second cause of suit" in which plaintiffs sought an order requiring defendants to approve plaintiffs' request for perimeter fencing. The court dismissed the "second cause of suit" for failure to state ultimate facts sufficient to constitute a claim, ORCP 21A(8), and plaintiffs have not assigned error to that ruling.

the architectural committee as to what constituted "landscaping" under the terms of the declaration. Defendants then moved for attorney fees pursuant to a provision in the declaration. The court allowed the motion, stating that fees were allowable "under the circumstances."

Plaintiffs argue that the court erred, because the declaration provision on which defendants rely fails to provide for attorney fees. That provision provides, in relevant part:

> "*Attorney fees.* * * * [I]n the event that it becomes necessary for *the Declarant, or an owner* to enforce or interpret the terms of this Declaration, or to restrain any violation thereof, and in the event that *the owner* against whom such proceedings are instituted does not prevail in court, said *owner* shall become responsible as the losing party to pay to the prevailing party all costs and attorney fees incurred thereby, including attorney fees upon appeal." (Emphasis supplied.)

Plaintiff also directs our attention to a related section of the declaration:

> "*Liability.* * * * [N]either the *Architectural Control Committee nor any member thereof* shall be liable for payment of prevailing attorney fees in the event that the committee unsuccessfully attempts to enforce or interpret any provisions in this Declaration against an owner." (Emphasis supplied).

The provisions allow fees only when the declarant or an owner sues *an owner.* Defendants take the position that they were sued as owners. Plaintiffs disagree, stating that defendants were sued solely as members of the architectural committee. We agree with plaintiffs.

In general, attorney fees are not recoverable, absent a statute or contractual provision authorizing the award. *Stelljes/Dumler v. State Board of Parole,* 307 Or 365, 368, 769 P2d 177 (1989). No statute provides for fees. The language in the amended complaint is unambiguous. It alleges that defendants "are members of the Architectural Committee." It then alleges that defendants, "as members of said committee, have failed to enforce the requirements and covenants" of the declaration.[2] The relief prayed for in the amended complaint is

---

[2] The initial complaint alleged that "[d]efendants, individually and as members of said Committee, have failed to enforce the requirements and covenants." The court granted defendants' motion to strike the words "individually and" from the initial complaint. In support of its motion to strike, defendants argued that plaintiffs "have stated no claim against defendants' actions, except as members of the committee. Clearly, defendants 'individually' have no obligation to enforce the Declaration."

consistent with a claim, not against owners, but against members of the architectural committee.[3] It was error to award fees.[4]

Reversed.

---

[3] Defendants argue that ORS 20.096(1) allows the award of fees. We have consistently held that one party must be entitled to fees under the terms of a contract in order for another party to be similarly entitled to fees under ORS 20.096(1). *E.g., McLeod v. Fossi,* 79 Or App 306, 309, 719 P2d 57, *rev den* 301 Or 445 (1986); *but see Golden West Insulation v. Stardust Investment Co.,* 47 Or App 493, 615 P2d 1048 (1980). Neither party, regardless of the outcome, would have been entitled to fees in this case.

[4] Defendants' remaining arguments do not merit discussion.