56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 NORTHWEST TELECOMMUNICATIONS, INC., a Washington
corporation, Plaintiff-Appellee,
v.
ROBERT H. TATE & ASSOCIATES, INC., an Oregon corporation
(fka Call US, Inc.); Robert H. Tate,
Defendants-Appellants.
NORTHWEST TELECOMMUNICATIONS, INC., a Washington
corporation, Plaintiff-Appellant,
v.
ROBERT H. TATE & ASSOCIATES, INC., an Oregon corporation
(fka Call US, Inc.); Robert H. Tate, Defendants-Appellees.
 Nos. 93-35749, 93-35776.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1995.
Decided May 12, 1995.
 
 Appeal from the United States District Court, for the District of Oregon, D. C. No. CV-91-01001-REJ; Robert E. Jones, District Judge, Presiding.
 D.Or.
 REVERSED.
 Before: BROWNING, REAVLEY,* and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tate was the "prevailing party." See Or. Rev. Stat. Sec. 20.096(5) ("'[P]revailing party' means the party in whose favor final judgment or decree is rendered."). Therefore, the district court erred in refusing to award Tate attorney's fees. Although Northwest implicitly conceded that it owed Tate some amount for the accounts receivable, it did so only in its answer to Tate's counterclaims, filed after litigation was initiated. Compare Dennis' Seven Dees Landscape v. Platt, 756 P.2d 683, 685 (Or. Ct. App. 1988) (tender of payment by one party before initiation of suit barred opposing party from being deemed "prevailing" when judgment awarded only amount tendered), with Carlson v. Blumenstein, 651 P.2d 710, 713-14 (Or. 1982) (offer of compromise by one party during litigation did not bar opposing party from being deemed "prevailing").
 
 
 3
 Because there can be only one "prevailing party," Marquam Inv. Corp. v. Myers, 581 P.2d 545, 548-49 (Or. App. 1978), Northwest did not "prevail."
 
 
 4
 Because this disposition "substantial[ly] modifi[ies]" the district court's judgment, we also award Tate attorney's fees on appeal. See Or. Rev. Stat. Sec. 20.015.
 
 
 5
 REVERSED and REMANDED for determination of attorney's fees in district court and on appeal.
 
 
 
 *
 The Honorable Thomas M. Reavley, Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3