## CIRCUIT COURT OF GREENE COUNTY

Gibson

v.

Gibson et al.

December 6, 2001

BY JUDGE DANIEL R. BOUTON

I am writing to inform counsel of the court's ruling on how the issue of attorney's fees and court costs will be resolved in connection with the above referenced case.

To begin with, the language of Va. Code § 59.1-204 provides little guidance to the court; the statute lacks precision and is arguably ambiguous on the question that must be addressed. Moreover, the court has not found any decided case that is directly on point. The authority that does exist only discusses the subject in general terms or on a limited basis.

Mr. Cattano perceptively noted at oral argument that the first paragraph of the statute makes reference to the "trier of fact" and explicitly authorizes such trier to "increase damages to an amount not exceeding three times the actual damages sustained, or $1,000.00, whichever is greater." He appropriately relies on this clause in support of his argument that the issue of reasonable attorney's fees and court costs should be presented to the jury for consideration.

On the other hand, Mr. Domonoske asserts that submitting the question of such fees and costs to the jury makes little sense in light of the evidence that must be submitted in this regard. The arguments in support of his position are well stated in his memorandum and were developed in more detail by him at oral argument.

The court's review of the relevant authorities provides some indirect support for the position taken by the plaintiff. For example, in the case of *Tazewell Oil Co. v. United Virginia Bank*, 243 Va. 94, 413 S.E.2d 611 (1992), the prevailing party was awarded attorney's fees pursuant to the statutory

scheme that governs claims of civil liability for business conspiracies. The Supreme Court of Virginia upheld the award and found that it could be based in part on affidavits and detailed time records. Of significance to the present case, however, is the procedure that was followed in *Tazewell* in arriving at the amount of fees that were awarded. Specifically, the court conducted a hearing subsequent to the trial on the merits and also included in its award a portion of the fees that were incurred for services that were rendered on post-trial matters.

Tacit or indirect approval for a hearing on the question of attorney's fees after a trial has been concluded can also be found in the case of *C. & P. Telephone v. Sisson and Ryan, Inc.*, 234 Va. 492, 362 S.E.2d 723 (1987). The dispute there involved a breach of a commercial contract; the court denied a request for an award of attorney's fees in a post-trial proceeding. The Supreme Court of Virginia reversed the trial judge in *C. & P. Telephone* and ordered a new trial on damages; however, on remand, the court also directed the trial judge to make an award of attorney's fees in an appropriate amount.

In addition to the above cases, the research conducted by Judge Kenney and summarized by him in the case of *Tipco Homes, Inc. v. Professional Service Industry, Inc.*, 19 Va. Cir. 438 (1990), supports the position taken by the plaintiff. Judge Kenney found that when a prevailing party is entitled to attorney's fees, the predominant view espoused by the existing legal authorities is that such fees are "an issue of law to be determined by the trial court after the substantive issues raised by the parties have otherwise been determined by the trier of fact." *Id.*, at page 1.

As a practical matter, it should also be noted that, in the present case, what constitutes reasonable attorney's fees and court costs in the present case under the Virginia Consumer Protection Act is not necessarily capable of being determined with precision during the course of a trial on the merits. Whether any award is appropriate and the amount of any such award could be affected by the nature of the verdict and by post-trial matters raised by counsel. Until all such matters have been disposed of and the court is in a position to render final judgment on any jury verdict, the question of attorney's fees and court costs might remain an open question.

Finally, the statutory provision of the Virginia Consumer Protection Act that authorizes an award of fees and costs is included in a paragraph that is separate and apart from the one that authorizes the trier of fact to award damages. Such paragraph does not make reference to the trier of fact, nor does it confer any authority on the trier of fact to make any award.

In light of the above analysis, the court concludes that if the plaintiff prevails in the present case, the appropriate procedure for addressing the

question of attorney's fees and court costs would be through a separate hearing. The procedure for addressing the question of attorney's fees and court costs will be through a separate hearing conducted subsequent to the trial. The court will therefore grant the motion of the plaintiff to have the issue of such fees and costs decided by an appropriate motion that is filed after the jury has rendered its verdict.