129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED PACIFIC INSURANCE COMPANY, a Washington Corporation,
Plaintiff-Appellant,
v.
GREGORY TIMBER RESOURCES, INC., an Oregon Corporation;
Gregory Affiliates, Inc., an Oregon Corporation; Northwest
Timber Affiliates, Inc.; William H. Gregory; Marie J.
Gregory, Defendants-Appellees.
United Pacific Insurance Company, a Washington Corporation,
Plaintiff-Appellant,
v.
Gregory Timber Resources, Inc., an Oregon Corporation;
Gregory Affiliates, Inc., an Oregon Corporation; Northwest
Timber Affiliates, Inc.; William H. Gregory; Marie J.
Gregory, Defendants-Appellees.
 Nos. 94-35360, 94-35464, 94-35512.
 United States Court of Appeals, Ninth Circuit.
 Oct. 30, 1997.
Argued and Submitted September 9, 1997 Portland, Oregon
 
 Appeal from the United States District Court for the District of Oregon Robert E. Jones, District Judge, Presiding
 Before CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 It is not entirely clear whether the appeal is only from denial of the equitable relief sought, posting of collateral, or whether it is from the legal determination upon which this equitable determination was based, the district court's determination that "the USFS claims on the subject bonds are equitably barred by statute." Giving United Pacific the benefit of our uncertainty, we review de novo.
 
 
 3
 The district judge was correct in his determination that the Forest Service's cause of action against Gregory Timber accrued in 1984, and that the federal statute of limitations, 28 U.S.C. § 2415(a), now bars the Forest Service's claim against Gregory. Gregory does not owe any performance to the Forest Service, so United Pacific owes the Forest Service no duty under its performance bond.
 
 
 4
 Commercial Insurance Company of Newark v. Pacific-Peru, 558 F.2d 948 (9th Cir.1977) must be distinguished. In that case, the surety had paid a third party pursuant to its bond. In the case at bar it has not. Also, the liability in that case arose under the bond. In this case, limitations bars any liability on the bond.
 
 
 5
 United Pacific has an argument which has given us pause. It is based on a literal reading of paragraph "Seventh" of the indemnity agreement, that if United Pacific deems it necessary to set up a reserve to cover any claim under "any bond or bonds or for any other reason whatsoever," then Gregory must immediately upon demand post collateral. The words "any other reason whatsoever" are certainly broad. But they are so broad that they cannot possibly mean what they appear to say. A literal reading would mean that if United Pacific faces a claim on someone else's bond, for something unrelated to Gregory Timber, then it can, out of the blue, tell Gregory to come up with collateral and confess judgment on Gregory Timber's behalf. Whatever may be the limits of the phrase "or for any other reason whatsoever," it must imply reasons arising out of United Pacific's liability on the bond that is the subject of the indemnity agreement. That liability can no longer exist, because the statute of limitations bars it. A reading as broad as United Pacific seeks would run afoul of the Oregon common law rule that an indemnity agreement written by a compensated surety "will be construed most strongly against it." Jacobs Associates v. Argonaut Insurance Company, 580 P.2d 529, 532 (Or.1978).
 
 
 6
 If United Pacific pays the Forest Service now, when its liability on the bond is barred by limitations, it will do so not on account of its liability on the bond, but as a volunteer. We recognize that the term "volunteer" hardly describes a party subject to the pressure of debarment unless it pays money it does not owe. The word, though, is applicable in its technical sense, because as to Gregory Timber and as to its obligation to the Forest Service under the bond it: wrote on Gregory Timber, United Pacific would be acting as a volunteer.
 
 
 7
 Gregory Timber does not appeal the district court determination in paragraph 23 that it must indemnify United Pacific for attorneys' fees and expenses United Pacific incurs in defending against Forest Service claims on the bonds and the debarment proceedings. Accordingly, we intimate no view with respect: to that determination, and that part of the judgment also stands We are persuaded by Gregory Timber's argument that it was entitled to attorneys' fees, and on the cross-appeal on that issue, we reverse. Where there is a one-way contractual provision for attorneys' fees, as the indemnity agreement has, Oregon law turns it into a two-way provision. Or.Rev.Stat. § 20.096(1) (1993). Gregory was the prevailing party, on the basis of weighing what United Pacific sought against the result it obtained. See Hamer v. Mayeda, 669 P.2d 811, 813 (Or.Ct.App.1983); see also Zidell v. Greenway Landing Dev. Co., 749 P.2d 1210 (Or.Ct.App.1988). We therefore remand so that the district court may award reasonable attorneys' fees to Gregory Timber on account of its having been the prevailing party in the lawsuit. In making that award, the district court shall include a reasonable attorneys' fees for Gregory Timber's efforts on this appeal. Costs in favor of Gregory Timber.
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3