Argued and submitted July 25, reversed and remanded September 28, 1983

HAMER, dba Hamer Electric Company,
*Respondent,*

*v.*

MAYEDA et ux,
*Appellants.*

(27188; A26465)

669 P2d 811

Charles Robinowitz, Portland, argued the cause and filed the briefs for appellants.

James D. Huffman, St. Helens, argued the cause for respondent. With him on the brief was Luca, Petersen & Huffman, St. Helens.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The issue in this case is whether defendants, who prevailed on a breach of warranty counterclaim, are prevailing plaintiffs under ORS 20.098(1), thereby entitling them to attorney and expert witness fees. The trial court ruled as a matter of law that defendants were not prevailing plaintiffs, relying on *Marquam Investment Corp. v. Myers,* 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978). We reverse.

The facts are undisputed. Plaintiff sued defendant homeowners for breach of a contract under which he performed electrical work on defendants' new home. Defendants denied owing plaintiff money and counterclaimed for breach of warranty. A jury returned a verdict for plaintiff for $987 on its claim and for defendants for $75 on their counterclaim. Defendants moved for an award of attorney and expert witness fees pursuant to ORS 20.098(1). Their motion was denied.

ORS 20.098(1) provides:

"In any action for damages for breach of an express or implied warranty in a sale of consumer goods or services where the amount pleaded is $2,500 or less and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, and as part of the disbursements of the action, a reasonable amount to be fixed by the court as compensation of expert witnesses, if the court finds that written demand for the payment of such claim was made on the defendant not less than 30 days before commencement of the action and that the defendant was allowed within that 30 days reasonable opportunity to inspect any property pertaining to the claim; provided, that no attorney fees at trial and on appeal or compensation of expert witnesses shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff."

No Oregon case has interpreted this provision.

Defendants contend that the trial court erred in denying them attorney and expert witness fees. They argue that they were the prevailing plaintiffs in the breach of warranty action and that the result in the breach of contract action has no bearing on their entitlement to fees under ORS 20.098(1).

Plaintiff cites several cases holding that there can be only one *prevailing* party in a lawsuit. He argues that because he received a net judgment of $912, he prevailed. He argues further that the trial court has discretion in deciding whether to award attorney fees and that the court did not abuse its discretion.

*Marquam Investment Corp. v. Myers, supra,* is inapposite. It was a forcible entry and detainer action brought by a landlord against a tenant. The tenant counterclaimed for damages, asserting that the eviction was retaliatory. The jury awarded the landlord possession of the premises and awarded the tenant $100 damages. Reversing the trial court's award of attorney fees to plaintiff, we held that neither party had prevailed, because the outcome of the case was inconclusive. 35 Or App at 30-31.

In prior cases concerning this issue, we have been confronted with the question of who prevailed when both a claim and a counterclaim were sustained. We held in *Marquam* that, where there is only one plaintiff and one defendant, there can only be one prevailing party, notwithstanding defendant's counterclaim. *Marquam Investment Corp. v. Myers, supra,* 35 Or App at 30; *see also Illingworth v. Bushong,* 61 Or App 152, 656 P2d 370 (1982), *rev allowed* 294 Or 613 (1983); *Lawrence v. Peel,* 45 Or App 233, 607 P2d 1386 (1980). Our approach has been to weigh what was sought by each party against the result obtained in order to determine who prevailed.

A common thread in these cases has been that an attorney fee, be it authorized by statute or contract, is awarded to the prevailing *party*. It is this thread which distinguishes the present case. ORS 20.098(1) is anomalous in that it allows an award of attorney fees to the prevailing *plaintiff*. There is no reciprocity unless the action was frivolous. ORS 20.098(2).

ORS 20.098(1) is a consumer protection measure. The statute was designed to allow consumers with small warranty claims to recover attorney and expert witness fees incurred in the action. Indeed, in many consumer warranty cases, the amount in controversy will be far less than the attorney and expert witness fees. That is the reality that the statute was designed to address. Unlike other attorney fee provisions, ORS 20.098(1) does not require the netting or weighing process commonly used to determine who is the prevailing party.

Here, defendants prevailed on their breach of warranty counterclaim. That defendants counterclaimed instead of filing a separate lawsuit as plaintiffs is irrelevant to a determination of whether they prevailed on their warranty claim. The counterclaim was permissive, not compulsory. ORCP 22A. They claimed damages in the amount of $265.95. The jury awarded damages of $75. We conclude that the defendants were prevailing "plaintiffs" under ORS 20.098(1).

The trial court ruled as a matter of law that defendants were not entitled to attorney fees. The court did not reach the questions whether the conditions precedent to an award, *see* ORS 20.098(1), were met or what "a reasonable amount" would be. Under ORS 20.098(1) it is for the court, not the jury, to determine the amount. *See Nicoletti v. Damerow Ford,* 40 Or App 587, 592, 595 P2d 1286 (1979). That determination is within the trial court's discretion. *Miller v. Fernley,* 280 Or 333, 337, 570 P2d 1178 (1977). For these reasons, we reverse and remand for further proceedings.

Reversed and remanded.