Argued and submitted May 26, 1987, award of attorney fees to plaintiffs reversed,
otherwise affirmed February 10, 1988

ZIDELL et ux,
*Respondents,*

*v.*

GREENWAY LANDING
DEVELOPMENT COMPANY et al,
*Appellants.*

(A8401-00317; CA A40184)

749 P2d 1210

Thomas M. Christ, Portland, argued the cause for appellants. With him on the briefs was Mitchell, Lang & Smith, Portland.

Jack L. Kennedy, Portland, argued the cause for respondents. On the brief were Daniel M. Ricks, and Kennedy, King & Zimmer, Portland.

Before Warden, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants[1] appeal from a judgment that awarded attorney fees to plaintiffs and denied them to defendants. We reverse the award of attorney fees to plaintiffs and otherwise affirm.

Plaintiffs made an agreement with defendants to purchase an unfinished condominium unit. The Unit Sales Agreement provided:

> *"Attorneys' Fees.* In the event suit or action is instituted to enforce or interpret the terms of this agreement, the prevailing party shall be entitled to recover from the other party such sum as the court may adjudge reasonable as attorneys' fees at trial or on appeal of such suit or action, in addition to all other sums provided by law."

Plaintiffs alleged that defendants were liable for damages for: (1) breach of an express warranty in the agreement against substantial defects in the construction, materials and workmanship of the condominium project and unit; (2) fraudulent misrepresentation of the condition of the unit; (3) unlawful trade practice for non-disclosure of defects; (4) negligence in planning, developing and constructing the condominium project and unit; and (5) breach of an oral contract regarding development of adjacent land and unlawful trade practices and fraud concerning it. The jury found that defendant was liable on the claims of negligence and breach of the oral contract but not on the other claims, that plaintiffs were also negligent and that plaintiffs' damages on the negligence claim were $65,000. It made no award for breach of the oral contract.[2] The court reduced the award to $52,000 because of plaintiffs' negligence. Plaintiffs and defendants each asked for costs and attorney fees. The court entered a judgment for plaintiffs for $67,021 as attorney fees and denied attorney fees to defendants.[3]

---

[1] Defendants Greenway Landing Development Company, Rembold Corporation and Carbarn, Inc., are the only appellants and are referred to as "defendants" here. Pursuant to a stipulation, we earlier dismissed the cross-appeals of plaintiffs and the other defendants.

[2] Plaintiffs' success in their claim on the oral contract has no bearing on the attorney fees controversy here.

[3] Defendants actually make two similar assignments of error:

"FIRST ASSIGNMENT OF ERROR

"The trial court erred in granting plaintiffs' petition for attorney fees and denying

Defendants contend that, because the jury rejected plaintiffs' claim for breach of warranty, defendants are the prevailing parties and are entitled to an award of attorney fees. Plaintiffs argue that, because part of the action—including the negligence claim—was brought to enforce obligations arising under the agreement, and final judgment was entered in their favor, they are the prevailing parties and entitled to attorney fees.

 Unless there is evidence that the parties intended otherwise, and there is none here, "prevailing party" in the agreement has the meaning defined in ORS 20.096(5):

> " 'Prevailing party' means the party in whose favor final judgment or decree is rendered."

*Carlson v. Blumenstein,* 293 Or 494, 499, 500 n 3, 651 P2d 710 (1982); *U.S. Nat'l Bank v. Smith,* 292 Or 123, 637 P2d 139 (1981). There can be only one "prevailing party." *See Marquam Investment Corp. v. Meyers,* 35 Or App 23, 581 P2d 545, *rev den* 284 Or 341 (1978). If a plaintiff prevails on some, but not all of its claims, the party who receives the net award is the prevailing party. *See Pelett v. Welch,* 71 Or App 761, 694 P2d 574 (1985). A defendant is the prevailing party "only when the plaintiff takes nothing on account of the transaction." *American Petrofina v. D & L Oil Supply,* 283 Or 183, 199, 583 P2d 521 (1978). In order to recover attorney fees under the agreement here, defendant must be the "prevailing party" in the action, in addition to prevailing on the claim for breach of the contractual warranty. Because plaintiffs obtained a judgment of $52,000, and defendants took nothing, defendants are not the "prevailing party"; plaintiffs are. Accordingly, the court did not err in refusing to award attorney fees to defendants under the agreement.

██ ██ Although plaintiffs are the "prevailing party" in the action, defendants argue that the court erred in awarding them attorney fees, because the agreement entitled them to attorney fees only if they also prevailed on their claim for breach of the contractual warranty. We agree. The issue turns

---

developers'.

"SECOND ASSIGNMENT OF ERROR

"The trial court erred in entering a judgment which awards attorney fees to plaintiffs."

on the interpretation of the attorney fees provision in the agreement. That is a question of law for the court. *Timberline Equip. v. St. Paul Fire & Mar. Ins.,* 281 Or 639, 576 P2d 1244 (1978). Although plaintiffs "instituted" the action to enforce, among other things, the warranty in the agreement, the claim on which they were successful was their negligence claim. In *Cabal v. Donnelly,* 302 Or 115, 727 P2d 111 (1986), the court held that the plaintiffs were entitled to attorney fees under an earnest money agreement because, in prevailing on their claim for breach of an implied warranty of habitability, they prevailed *on their contract.* We find no meaningful distinction between the language of the attorney fee provision in the earnest money agreement in *Cabal*[4] and the provision in the agreement here. On the other hand, the contract language here is not as broad as in *Millard v. Smedes,* 42 Or App 889, 601 P2d 908 (1979), where the the court interpreted the contract to authorize attorney fees to the plaintiff who prevailed on a misrepresentation claim, because it provided for fees in any action "in connection with" the contract. Although plaintiffs' claim for negligence was related to their contract claim, it clearly was a tort claim and is not covered by the attorney fee provision in the agreement. Accordingly, the court erred in awarding them attorney fees. *See King v. Talcott,* 80 Or App 701, 706, 723 P2d 1058, *rev den* 302 Or 158 (1986).[5]

Award of attorney fees to plaintiffs reversed; otherwise affirmed.

---

[4] In *Cabal v. Donnelly, supra,* the earnest money agreement stated:

"In any suit or action brought on this contract, the losing party therein agrees to pay the prevailing party therein (1) the prevailing party's reasonable attorney's fees in such suit or action, to be fixed by the trial court, and (2) on appeal, if any, similar fees in the appellate court, to be fixed by the appellate court." 302 Or at 117.

[5] In *King v. Talcott, supra,* we held that, in an action either to reform a land sale contract or to create an implied easement, the defendant, who was the prevailing party, was entitled to attorney fees only for defending against the reformation claim. On the claim of an implied easement, we stated that "we do not believe that the legislature intended the phrase 'an action or suit on a contract' [found in the reciprocal attorney fees statute, ORS 20.096(1)] to include every claim in an action in which a contract is involved." 80 Or App at 706.