Argued and submitted January 25, affirmed May 24, reconsideration denied July 14, petition for review allowed August 1, 1989 (308 Or 197)

BENNETT,
*Respondent,*

*v.*

MINSON,
dba Minson Farms,
*Appellant.*

(87-CV-0055-15; CA A48856)

773 P2d 813

James A. Marshall, Madras, argued the cause and submitted the briefs for appellant.

Mike Kilpatrick, Mt. Vernon, argued the cause for respondent. On the brief were Milo Pope and Kilpatricks & Pope, Mt. Vernon.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In November, 1985, plaintiff's log truck collided with a potato truck owned by defendant. Both vehicles were damaged, and plaintiff and defendant brought separate district court actions against each other. Plaintiff subsequently refiled in circuit court, and defendant counterclaimed. A jury returned a special verdict that defendant was negligent on plaintiff's claim and plaintiff was negligent on defendant's counterclaim. The jury found that each party was 50 percent negligent and found plaintiff's damages to be $14,203.60, and defendant's damages to be $4,000.

The trial court denied defendant's motion for entry of a judgment that would have awarded each party one-half of his damages and would also have awarded defendant attorney fees on his counterclaim. Instead, the trial court entered a judgment that awarded plaintiff $7,101.81 and defendant $2,000.[1] Defendant appeals the denial of attorney fees. We affirm.

Defendant claims that he should have been awarded fees[2] under ORS 20.080, which provides, in part:

> "(1)  In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $4,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465(3) or not more than 10 days after the transfer of the action under ORS 46.461. * * *

---

[1] Plaintiff argues that the appeal is moot, because defendant has paid the judgment of $7,420.81, which included plaintiff's costs and disbursements. Attorney fees are not a part of costs under ORS 20.080. *See also* ORCP 68C. Defendant does not challenge the amount of plaintiff's judgment nor the costs awarded for obtaining that judgment. His contention is that an award of fees under ORS 20.080(2) is completely separate from plaintiff's judgment. Although we do not agree with defendant's position, we do not believe that the payment of the judgment has rendered moot defendant's argument on the issue. He still has an unsatisfied judgment in his favor of $2,000.

[2] Plaintiff argues that the error was not preserved, because defendant did not object to the cost bill. The record shows that defendant timely objected and that the issue of attorney fees was before the trial court.

> "(2) If the defendant pleads a counterclaim, not to exceed $4,000, and the defendant prevails in the action, there shall be taxed and allowed to the defendant, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the counterclaim."

Defendant argues that ORS 20.080 is a remedial statute enacted to enable those with small claims for personal injury or property damages to pursue the claims with assistance of counsel. He contends that, in order to effectuate that purpose, we should analogize ORS 20.080 to the consumer protection measure in ORS 20.098(1), as we construed it in *Hamer v. Mayeda,* 64 Or App 705, 669 P2d 811 (1983).

In *Hamer,* the plaintiff prevailed on its breach of contract action and the defendants recovered on their breach of warranty claim. ORS 20.098(1) allows for an award of attorney fees for a breach of warranty claim to the "prevailing plaintiff." We held that the defendants could be awarded attorney fees as "prevailing plaintiffs," because the statute did not provide for reciprocal attorney fees and the fact that they counterclaimed instead of filing a separate lawsuit was irrelevant to a determination of whether they prevailed on their warranty claim. In so holding, however, we noted that "[u]nlike other attorney fee provisions, ORS 20.098(1) does not require the netting or weighing process commonly used to determine who is the prevailing party." *Hamer v. Mayeda, supra,* 64 Or App at 708. Despite defendant's contention to the contrary, ORS 20.080 *does* provide for a weighing process. The statute treats a proceeding like this as one action in which an award of fees may be made to the plaintiff or defendant who "prevails in the action."

There can only be one prevailing party, even in litigation involving counterclaims. *Pelett v. Welch,* 71 Or App 761, 694 P2d 574 (1985). Generally, the prevailing party is the party who receives the net award. *Allen & Gibbons Logging v. Ball,* 91 Or App 624, 632, 756 P2d 669 (1988). Plaintiff is correct that, because he recovered more than defendant, he is the prevailing party in the action, and the trial court did not err in denying defendant attorney fees on his counterclaim.[3]

---

[3] Defendant argues that, if he had obtained a judgment in his separate action in district court, he would have been awarded attorney fees. What might have occurred in district court is not relevant to the award of attorney fees in this case.

Affirmed.