Argued and submitted October 4, 1989, the decision of the Court of Appeals reversed
and the case remanded to the circuit court with instructions February 22, 1990

## BENNETT,
*Respondent on Review,*

*v.*

## MINSON, dba Minson Farms,
*Petitioner on Review.*

(TC 87-CV-0055-15; CA A48856; SC S36286)

787 P2d 481

James A. Marshall, Madras, argued the cause and filed the
petition for petitioner on review.

Mike Kilpatrick, Mt. Vernon, argued the cause for
respondent on review.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a civil action for property damages. The issue is whether defendant Minson is entitled to attorney fees under ORS 20.080 as the prevailing party on a counterclaim. The circuit court denied his motion for attorney fees, and the Court of Appeals affirmed. *Bennett v. Minson,* 96 Or App 689, 773 P2d 813 (1989). We reverse.

Plaintiff Bennett's truck collided with a truck owned by defendant. Each party initiated a separate district court action for damages against the other. Plaintiff then transferred his action to the circuit court. Defendant counterclaimed in that court, pleading damages of $4,000 and entitlement to attorney fees under ORS 20.080. A jury found that defendant was negligent on plaintiff's claim; that plaintiff was negligent on defendant's counterclaim; that each party was 50 percent negligent on each claim; that plaintiff's damages were $14,203.63; and that defendant's damages were $4,000. The circuit court awarded each party 50 percent of his damages and made separate awards to plaintiff ($7,101.81) and defendant ($2,000).

Defendant moved for attorney fees on his counterclaim, citing ORS 20.080, which provides:

"(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $4,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465(3) or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465(3) or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff.

"(2) If the defendant pleads a counterclaim, not to exceed $4,000, and the defendant prevails in the action, there shall be taxed and allowed to the defendant, at trial and on

appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the counterclaim."

Plaintiff objected, arguing that because plaintiff had received the net monetary recovery, defendant had not "prevailed in the action" for the purposes of ORS 20.080. The trial court agreed and denied defendant's motion. The Court of Appeals affirmed, holding that even in litigation involving a counterclaim, there can be only one prevailing party, and that the prevailing party is the party who receives the net award.

Defendant contends that the lower courts have misinterpreted ORS 20.080. He argues that a counterclaim seeking affirmative relief is an independent cause of action, separate and separable from the plaintiff's claim, and that the words "prevails in the action" in ORS 20.080(2) mean to prevail on a counterclaim for $4,000 or less.

In *Colby v. Larson,* 208 Or 121, 125-26, 297 P2d 1073, 299 P2d 1076 (1956), we addressed the original language of ORS 20.080, which did not include subsection (2) of the current statute:

"ORS 20.080 is a special statute passed in 1947 * * * to meet a particular situation. It applies only in tort actions involving claims for injury to persons or property where the amount recovered is $500 or less,[1] and was undoubtedly enacted for the purpose of encouraging the settlement without litigation of meritorious tort claims involving small sums. The risk the defendant ran of having to pay the fee of the plaintiff's attorney was evidently considered a spur to such settlements. Frequently the injured person might forego action upon a small claim because he realized that, after paying his attorney, his net recovery would not be worth the time and trouble of a vexatious law suit. The legislature may have found that tort feasors or their insurance carriers frequently rejected meritorious claims of this kind because of this known reluctance of injured persons to litigate. Claims which in honesty and fairness should have been paid were not paid, and it was to remedy this evil that the statute was passed." (Citations omitted).

*See Landers v. E. Texas Motor Frt. Lines,* 266 Or 473, 476-77, 513 P2d 1151 (1973) (purpose of notice is to give defendant an opportunity to settle case); *Bivvins v. Unger,* 263 Or 239, 243,

---

[1] ORS 20.080 now applies where the amount *pleaded* is *$4,000* or less.

501 P2d 1262 (1972) (ORS 20.080 designed to deal with frequent rejection of small claims by tort feasors and their insurers, knowing that plaintiffs will often consider legal actions impractical if they have to pay their own attorney fees).

The legislature amended ORS 20.080 in 1955, adding subsection (2). The question here is whether "prevails in the action" in subsection (2) means to prevail on the counterclaim or to prevail in the overall litigation between the parties. On its face, ORS 20.080 could be interpreted either way.

The legislative history of the 1955 amendment is scant, but the context in which the legislature enacted subsection (2) is critical to interpreting the meaning of the words "prevails in the action" in that subsection.

Before 1971, Oregon had a common law system of contributory negligence in tort actions. Under that system a plaintiff ordinarily could only "prevail in the action" if the plaintiff proved that defendant was at fault *and* that the plaintiff was blameless. *See e.g., Shelton v. Lowell et al,* 196 Or 430, 442, 249 P2d 958 (1952). In that case a jury could never also find for a defendant on a counterclaim arising from the same accident, because it would have to find defendant blameless and plaintiff at fault. Conversely, if a defendant prevailed on a counterclaim, the jury could never find for the plaintiff on the plaintiff's claim. Any contributory negligence by either party (plaintiff on the claim or defendant on the counterclaim) ordinarily precluded any recovery by that party. Thus, only one party could "prevail in the action," and, in cases of mutual fault, neither party could recover. "Prevail on the claim" and "prevail in the action" were, for all practical purposes, synonymous.

The possibility of mutual recovery when each party was 50% at fault, and of each party "prevailing" on his respective claim, first appeared with the enactment of the present system of comparative fault. ORS 18.470.[2] ORS 20.080 has

---

[2] ORS 18.470 provides:

"Contributory negligence shall not bar recovery in an action by any person or the legal representative of the person to recover damages for death or injury to person or property if the fault attributable to the person seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering. This section is not intended to create or abolish any defense."

never been amended to respond to this significant change in negligence law.

Because neither the drafters of ORS 20.080 nor the drafters of the 1955 amendment to that statute contemplated the situation presented here, their purposes in enacting the statute and its 1955 amendment become more important than a rigid textual analysis of what is, in all events, the key but ambiguous phrase "prevails in the action."

HB 153 (Or Laws 1955, ch 554), which added subsection (2), was introduced by the House Judiciary Committee at the request of the Oregon State Bar. We can find no history of the bill's purpose. We do, however, find a limited discussion of a change between the proposed and final versions of HB 153 relevant to our interpretation of the statutory language at issue.

As originally drafted, HB 153 provided, in part, that the new subsection would read:

> "(2) If the defendant pleads a counterclaim, not to exceed $1,000, and the defendant *prevails thereon*, there shall be taxed and allowed to the defendant, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the counterclaim." (Emphasis added).

A representative of the Bar's Committee on Minimum Fee Schedules testified in support of HB 153. His testimony is not reported, except for his response to a question by the House Judiciary Committee concerning the language "prevails thereon" in the bill. The Bar representative responded that he "felt that this would be no practical problem but that it would be acceptable to amend this to read 'prevails on the action,' thus eliminating any possibility of misconstruction of the meaning." Minutes, House Judiciary Committee, April 12, 1955. Thereafter, the Judiciary Committee amended HB 153 by changing the word "thereon" to "in the action." Minutes, House Judiciary Committee, April 13, 1955. Viewed in the context of the then-existing system of contributory negligence, we conclude that the amendment was purely semantic.

■ In its present context, the phrase "prevails in the action" in ORS 20.080(2) could mean prevails in the overall litigation between the parties, a construction that the trial

court and the Court of Appeals adopted. We reject that construction because we believe that, in amending ORS 20.080 in 1955, the legislature intended to apply the same policy considerations to defendants' counterclaims as it had previously applied to plaintiffs' claims. Therefore, the two sections of the statute should be construed in the same remedial framework. We conclude that a defendant who prevails on a counterclaim, pleaded for $4,000 or less, should receive reasonable attorney fees.

Just as ORS 20.080(1) coerces defendants to promptly evaluate and settle small claims at the risk of having to pay attorney fees if the offer is inadequate, ORS 20.080(2) requires plaintiffs to give similar respect to defendants' small counterclaims at identical risk. The enactment of ORS 20.080(2) established that the happenstance of temporal priority in the filing of a claim for $4,000 or less is irrelevant to the claimant's entitlement to attorney fees for prevailing on that claim. This construction conforms to the language of the statute and it also accomplishes the statutory purpose as we understand it.[3]

If plaintiff's position here were to be sustained, a plaintiff with a valid larger claim could ignore a smaller counterclaim, secure in the knowledge that, so long as he recovered the net monetary judgment in the case, he or she would not be liable for defendant's attorney fees under ORS 20.080(2) regardless of the merits or the outcome of the defendant's counterclaim. We believe that result would defeat the legislative purpose in enacting ORS 20.080.

In keeping with our holding regarding the identity of concerns expressed in subsections (1) and (2), we also conclude that the procedural requirements of demand and tender contained in subsection (1) apply to subsection (2), which is silent on those matters. Indeed, defendant here apparently also so assumed and complied with those procedural requirements. Thus, defendant satisfied all ORS 20.080 requirements for an award of reasonable attorney fees. He demanded payment from plaintiff; he filed a counterclaim for not more than

---

[3] Our interpretation of the phrase "prevails in the action" in this case is limited to applications of ORS 20.080 because it is based on that statute's history, purpose, and legal context.

$4,000; no tender was made by plaintiff; and defendant prevailed on the counterclaim. Therefore, defendant is entitled to an award of his reasonable attorney fees for the counterclaim[4] pursuant to ORS 20.080(2).

The decision of the Court of Appeals is reversed. The case is remanded to the circuit court with instructions to award defendant reasonable attorney fees for prevailing on the counterclaim. ORS 20.080(2).

---

[4] Defendant is not entitled to recover attorney fees, if any, incurred *solely* in defending against plaintiff's claim. We recognize that in this case the liability issues to be proved in both claims were similar.