Argued and submitted October 11, 1990, reassigned August 14, the order of the
Court of Appeals dismissing the petition for judicial review affirmed
September 19, 1991

In the Matter of the Compensation of
Robert T. Walther, Claimant.

Robert T. WALTHER,
*Petitioner on Review,*

*v.*

SAIF CORPORATION
and Jackson County Education Services,
*Respondents on Review.*

(WCB 86-02176; CA A64494; SC S37311)

817 P2d 292

Roger Ousey, of Bischoff & Strooband, P. C., Eugene, filed
the petition and argued the cause for petitioner on review.

Jas. Adams, Assistant Attorney General, Salem, filed a
response and argued the cause for respondents on review.
With him on the response were Dave Frohnmayer, Attorney
General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Claimant petitions for review of the Court of Appeals' order that dismissed his petition for judicial review because of lack of proof of timely filing.

The Court of Appeals received claimant's petition for judicial review after the 30-day time period allowed by ORS 656.295(8). The date of mailing serves as the date of filing if a notice of appeal is "mailed by registered or certified mail and the party filing the notice has proof from the post office of such mailing date." ORS 19.028(1).[1] ORS 19.028(3) provides that ORS 19.028(1) applies to petitions for judicial review. This case presents the question of what type of proof is necessary in order to prove the time of mailing under ORS 19.028.

Claimant conceded at oral argument that there is no contemporaneous proof of mailing in this case. In *Southwest Forest Industries v. Anders,* 299 Or 205, 213, 701 P2d 432 (1985), this court held that ORS 19.028 requires that a "litigant obtain proof at the time of mailing in order to satisfy the statutory requirement that the litigant 'has' proof." Claimant asks this court to reconsider its holding on this point. Claimant does not present, and our investigation does not reveal, any compelling reason to do so. More importantly, statutory interpretation particularly implicates the rule of *stare decisis.* When this court interprets a statute, that interpretation becomes a part of the statute as if written into it at the time of its enactment. *State v. Clevenger,* 297 Or 234, 244, 683 P2d 1360 (1984). Accordingly, we will not reconsider our holding.

We hold that the petition for judicial review in this case was not timely filed. Therefore, the order of the Court of Appeals dismissing the petition for judicial review is affirmed.

---

[1] ORS 19.028(1) provides:

"Filing a notice of appeal in the Court of Appeals or the Supreme Court may be accomplished by mail. The date of filing such notice shall be the date of mailing, provided it is mailed by registered or certified mail and the party filing the notice has proof from the post office of such mailing date. Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken. If the notice is received by the court on or before the date by which such notice is required to be filed, the party filing the notice is not required to file proof of mailing."