Submitted on appellant-cross-respondent's Petition for Attorney Fees filed November 6, 1997; resubmitted en banc June 10, petition for attorney fees allowed September 30, 1998

Frank L. NEWELL,
*Respondent-Cross-Appellant,*

*v.*

James M. WESTON,
*Appellant-Cross-Respondent,*

*and*

NORTH PACIFIC INSURANCE COMPANY,
*Defendant.*

James M. WESTON,
*Third-Party Plaintiff,*

*v.*

NORTHWEST PUMP & EQUIPMENT COMPANY,
*Third-Party Defendant.*

(9212-08470; CA A89561)

965 P2d 1039

Daniel E. O'Leary, Darleen Darnell, Timothy R. Volpert and Davis Wright Tremaine for petition.

Paul R. Duden, Michael J. Gentry and Tooze Shenker Duden Creamer Frank & Hutchison, *contra*.

ARMSTRONG, J.

Edmonds, J., dissenting.

## ARMSTRONG, J.

Defendant Weston petitions for an award of attorney fees based on his lease agreement with plaintiff. He contends that he is entitled to fees because he prevailed on plaintiff's cross-appeal, in which plaintiff unsuccessfully attempted to overturn the trial court's decision that plaintiff could not recover damages from defendant for a breach of the lease. Plaintiff contends that defendant is not entitled to an award of fees, because plaintiff prevailed on the appeal, and, as a result, judgment ultimately will be entered in his favor. We allow defendant's petition in the amount of $14,731.28.

The facts of the case are set forth in detail in our decision on the merits, *Newell v. Weston*, 150 Or App 562, 946 P2d 691 (1997), *rev den* 327 Or 317 (1998). For the purpose of resolving the current dispute, only a brief summary of those facts is required. Plaintiff is the owner of a parcel of real property. He leased the property to defendant, who used the property for his automobile dealership. Paragraph 23 of the lease contains the following clause:

> "In the event that suit or action is instituted by Lessor or Lessee to enforce compliance with any of the terms, covenants and conditions of this agreement on the part of the other to be kept and performed, the prevailing party shall recover in addition to the costs and disbursements provided by statute such sums as the court may adjudge reasonable as attorney fees and in the event of appeal, such further sum as may be fixed by the appellate court on appeal in such suit or action."

The lease ultimately expired, and plaintiff leased the premises to another party. Meanwhile, gasoline contamination at the site was uncovered. Plaintiff sued defendant to recover the costs of the remediation of the contamination. Plaintiff alleged that he was entitled to recover those costs because defendant's use of the premises caused the contamination and that use constituted a breach of the lease in various particulars. Plaintiff also alleged a right to recover under ORS 465.255(1), which generally provides for strict liability for remedial action costs from any owner or operator of premises at which contamination occurred.

The trial court concluded that defendant had not breached the lease but that defendant was liable under ORS 465.255(1). Defendant appealed, arguing that the trial court had erred in concluding that the statute applied to him. Plaintiff cross-appealed, arguing that the trial court had erred in concluding that defendant had not breached the lease. Plaintiff argued that he was entitled to relief on the cross-appeal, regardless of the outcome of the appeal, because the lease provided for damages over and above those provided for under ORS 465.255(1) and provided for attorney fees.

We affirmed on the appeal and on the cross-appeal; that is, we held that the trial court had correctly concluded that plaintiff prevailed under the statute and that defendant prevailed on the claims for breach of the lease. We designated plaintiff as the prevailing party on the appeal and defendant as the prevailing party on the cross-appeal. Defendant now requests an award of $14,731.28 in attorney fees under paragraph 23 of the lease, on the ground that he prevailed both at trial and on the cross-appeal on plaintiff's claims for breach of the lease. Plaintiff contends that defendant is not entitled to attorney fees under paragraph 23 of the lease, because defendant is not the prevailing party. Relying on our opinion in *Meduri Farms, Inc. v. Robert Jahn Corp.*, 120 Or App 40, 852 P2d 257 (1993), plaintiff argues that, because the contract does not define prevailing party, the definition of "prevailing party" contained in ORS 20.096(5) controls. That statute provides that, subject to exceptions not applicable to this case, "prevailing party" means "the party in whose favor final judgment or decree is rendered." ORS 20.096(5). Plaintiff argues, therefore, that defendant cannot recover attorney fees for prevailing on the lease claims, because plaintiff is the party in whose favor final judgment will be entered in the action, so defendant is not the prevailing party for purposes of an award of attorney fees under the lease.

In *Meduri Farms*, we applied the principle established in *Zidell v. Greenway Landing Devel. Co.*, 89 Or App 525, 528, 749 P2d 1210 (1988), under which a party must prevail in the action as a whole, as well as on the contract claims in the action, in order to recover attorney fees under ORS

20.096. We are now persuaded that *Zidell* misinterpreted the statute. We therefore overrule *Zidell* and award attorney fees to defendant based on a correct interpretation of ORS 20.096.

ORS 20.096 provides for an award of attorney fees to the prevailing party, which the statute defines as "the party in whose favor final judgment or decree is rendered." ORS 20.096(5). By its terms, that definition does *not* specify whether the prevailing party is the one in whose favor final judgment is rendered *in the action* or the one in whose favor it is rendered *on the claims subject to ORS 20.096 in the action*. The *Zidell* court settled on the former interpretation, based on the proposition that there can be only one prevailing party in an action, so the reference to a prevailing party in the statute must be to the party who prevails in the action. *Zidell*, 89 Or App at 528. But that begs the question. The term "prevailing party" usually does refer to the party who prevails in an action, *see Marquam Investment Corp. v. Myers*, 35 Or App 23, 30, 581 P2d 545 (1978), but that does not mean that the legislature intended the term to have that meaning in ORS 20.096. In context, the legislature could have intended either of the meanings identified above, which makes the statute ambiguous. Consequently, it is appropriate to look to legislative history to determine which meaning the legislature intended.

House Bill 1342, the 1971 bill that became ORS 20.096, was drafted by the Legal Aid Committee of the Oregon State Bar to eliminate one-sided attorney-fee provisions in contracts. The people about whom that committee principally was concerned were consumers who enter into contracts that give sellers of goods and services the unilateral right to recover attorney fees. *See* Minutes, House Judiciary Committee, Subcommittee 1, HB 1342, Feb. 25, 1971, pp 2-3. Those contracts give sellers an unfair advantage because they give them the right to recover attorney fees in litigation against consumers without regard to the outcome of the litigation. The committee drafted HB 1342 to address that problem. Its sole purpose was to make reciprocal the right to recover attorney fees under contracts that contain attorney-fee provisions. Nothing suggests that the legislation was intended to accomplish any other purpose.

■     In particular, nothing suggests that the statute was intended to impose a new hurdle to the recovery of attorney fees in cases involving contracts that contain attorney-fee provisions. Before the adoption of the statute, a party who prevailed on a claim involving a contractual right to attorney fees presumably would recover those fees without regard to whether the party had prevailed in the action. That is because the right to recover fees would turn on the interpretation of the attorney-fee provision in the contract, and it would be difficult to imagine such a provision being drafted to require a party to prevail on all claims in an action, as opposed to the claims covered by the provision, in order to recover attorney fees.[1] In that light, the legislative history supports the conclusion that the prevailing party who is entitled to recover attorney fees under ORS 20.096 is the party who prevails on the claims that are subject to that statute, without regard to whether the party prevails in the action.

*Bennett v. Minson*, 309 Or 309, 787 P2d 481 (1990), also provides support for that interpretation, even though it involved the interpretation of a different attorney-fee statute. *Bennett* involved a collision between two trucks. The owners of the trucks asserted claims against each other in a single action, with the plaintiff seeking damages of more than $14,000 and the defendant seeking damages of $4,000. The case was tried to a jury, which found each party 50 percent at fault for the accident and awarded $14,203.63 in damages to the plaintiff and $4,000 in damages to the defendant.

Based on the jury verdict, the defendant sought an award of attorney fees under ORS 20.080(2). That statute provides:

> "If the defendant [in an action for an injury or wrong to person or property] pleads a counterclaim, not to exceed $4,000, *and the defendant prevails in the action*, there shall be taxed and allowed to the defendant, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for prosecution of the counterclaim."

---

[1] *Cf. American Petrofina v. D & L Supply*, 283 Or 183, 198-200, 583 P2d 521 (1978) (court assumed that parties to contract containing attorney-fee provision would intend provision to apply to both contractual and quasi-contractual claims that arose from same transaction).

(Emphasis supplied.) The trial court denied the fee request on the ground that the defendant had not prevailed in the action, because the plaintiff had recovered the net award and, therefore, had prevailed. We accepted that reasoning and affirmed the trial court. *Bennett v. Minson*, 96 Or App 689, 692, 773 P2d 813 (1989).

On review, the Supreme Court reversed, holding that the requirement in ORS 20.080(2) that the defendant "prevail in the action" meant that the defendant need prevail only on the counterclaim and not the entire action. *Bennett*, 309 Or at 313-15. It reached that conclusion based on the legal and historical context in which the statute was enacted.

At the time that the legislature enacted the statute, a defendant who prevailed on a counterclaim in tort for injuries to the defendant's person or property would be the person who prevailed in the action. That is because principles of contributory negligence in operation at that time functioned in such a way as to prevent any different result. *See id.* at 313. As a consequence, the phrases " '[p]revail on the claim' and 'prevail in the action' were, for all practical purposes, synonymous." *Id.* Because the phrases "were, for all practical purposes, synonymous," no significance could be attached to the decision by the legislature to use one phrase rather than the other.

The legislature subsequently replaced contributory negligence with comparative fault. One effect of that change was to make it possible for a tort defendant to prevail on a counterclaim but not prevail in the action. That change would not have been contemplated by the drafters of ORS 20.080(2), however, so it could not have affected their decision to use the language that they did. *See id.* at 313-14. Consequently, by looking at the legal and historical context in which ORS 20.080 was enacted, the court recognized that the phrase "prevails in the action" could have meant one thing when it was used in 1955 in ORS 20.080(2), yet it might have meant something different had ORS 20.080(2) been adopted at a later time. *See id.*

Because the conditions under which ORS 20.080(2) operates had changed in ways that would not have been contemplated by the legislature when it enacted the statute, the

*Bennett* court concluded that, in interpreting the statute, it was appropriate to focus more on the legislature's purpose in enacting the statute than on a "rigid textual analysis." *Id.* at 314.

With regard to that purpose, the court reasoned that ORS 20.080(2) was enacted to encourage plaintiffs who are faced with tort counterclaims of less than $4,000 to settle meritorious ones rather than to reject them out of hand, lest they be required to pay attorney fees to defendants who prevail on them. That policy would be undermined if a defendant had to prevail in the action as well as on the counterclaim. That is because a plaintiff who had a larger, meritorious claim could ignore the smaller counterclaim with relative impunity on the ground that, however likely it was that the defendant would prevail on the counterclaim, the defendant would not likely prevail in the action because the plaintiff would likely receive the net award, as the plaintiff had in *Bennett*. The court avoided that result by interpreting the phrase "prevails in the action" in ORS 20.080(2) to mean "prevails on the counterclaim in the action." *See id.* at 315.

The considerations that prompted the *Bennett* court to interpret ORS 20.080(2) as it did apply with equal force to the interpretation of ORS 20.096. When the latter statute is examined in terms of its history, purpose and context, it becomes apparent that the reference to the "prevailing party" in ORS 20.096 was intended to mean the party who prevails on claims that are subject to the statute, not the party who prevails on all claims in the action.

ORS 20.096 was enacted in 1971. *See* Or Laws 1971, ch 202, § 1. At that time, the statutes governing joinder of claims were quite restrictive. *See former* ORS 16.220 (1969), *repealed by* Or Laws 1977, ch 356, § 1; *former* ORS 16.290 (1969), *repealed by* Or Laws 1979, ch 284, § 199; *former* ORS 16.300 (1969), *repealed by* Or Laws 1975, ch 158, § 6. As a consequence, a party who prevailed on a claim involving a contract that contained an attorney-fee provision would almost certainly be the party who prevailed in the action. Under that circumstance, no particular significance can be attached to the use of the phrase "prevailing party" in ORS 20.096, because the drafters of the statute would not have

thought to distinguish between parties who prevail on contract claims and those who prevail in the action.[2]

■    Against that background, the legislature's purpose in enacting ORS 20.096 becomes critical to its interpretation, as was the case with ORS 20.080 in *Bennett*. As noted above, the legislature enacted ORS 20.096 to make reciprocal the right to recover attorney fees under contracts that contain attorney-fee provisions. It did not enact the statute to make the recovery of attorney fees on such claims depend on whether the party who prevailed on them also prevailed in the action. Hence, consistent with *Bennett*, the reference to the prevailing party in ORS 20.096 should be interpreted to mean the party who prevails on the claims that are subject to ORS 20.096. That is not the interpretation that *Zidell* gave the statute, so we overrule *Zidell*. Under the correct interpretation of ORS 20.096, defendant is entitled to recover his attorney fees for prevailing on the claim that is subject to an award of attorney fees under ORS 20.096.

The dissent claims that our interpretation of the statute conflicts with the court's treatment of it in *American Petrofina v. D & L Oil Supply*, 283 Or 183, 583 P2d 521 (1978). In fact, *American Petrofina* confirms our interpretation, albeit in *dictum*. There were multiple claims in *American Petrofina*, only one of which was subject to an award of attorney fees under ORS 20.096. In deciding which party was entitled to fees, the court focused *only* on the claim that was subject to ORS 20.096 and concluded that the prevailing party under the statute was the party that had prevailed on *that* claim. *Id.* at 196-200 & n 6. That is precisely what we have done in this case.[3]

---

[2] *Cf. Bennett*, 309 Or at 313 (similar conclusion regarding ORS 20.080); *American Petrofina v. D & L Oil Supply*, 283 Or 183, 198-200, 583 P2d 521 (1978) (court assumed that parties to contract would not make such a distinction in case involving related contractual and quasi-contractual claims).

[3] The claim at issue was a claim that had been pleaded in two counts, one for breach of a written contract and one for recovery in *quantum meruit*. The court concluded that the plaintiff was the prevailing party on that claim and, hence, the party entitled to an award of attorney fees under ORS 20.096, even though the defendant had prevailed on the contract count. The court interpreted the statute to require that result when a single claim is pleaded in alternative counts in contract and quasi-contract. It reasoned that it would be impractical to distinguish between the counts for purposes of awarding attorney fees under ORS 20.096, because factfinders would not necessarily be expected to distinguish between those counts in resolving the claim, and because parties to contracts presumably would intend the

■ Finally, the dissent quotes a statement from *Multnomah County v. Sliker*, 10 Or 65, 66 (1881), that courts should adhere to the doctrine of *stare decisis* "unless error is plainly shown to exist." We agree with that statement. We overrule *Zidell* because the court plainly erred in interpreting ORS 20.096.

Plaintiff does not object to the reasonableness of the fee request. We therefore allow the full amount of the request.

Petition for award of attorney fees in the amount of $14,731.28 allowed.

**EDMONDS, J.,** dissenting.

The majority holds that plaintiff's unsuccessful cross-appeal subjects him to attorney fees in the amount of $14,731.28, even though the judgment in the action is in his favor. The majority's holding is contrary to the language of ORS 20.096(5), to Supreme Court cases that have interpreted the meaning of ORS 20.096(5) and to the principles of *stare decisis*. Moreover, the majority incorrectly overrules our decision in *Zidell v. Greenway Landing Devel. Co.*, 89 Or App 525, 749 P2d 1210 (1988), a well-reasoned ten-year-old precedent.

The analysis of the issue in this case hinges on two axioms of law and one fact. First, when a contract or lease uses the term "prevailing party" and does not define it, the phrase has the same meaning as the meaning of the identical phrase in ORS 20.096(5). *Carlson v. Blumenstein*, 293 Or 494, 499, 500 n 3, 651 P2d 710 (1982). Second, ORS 20.096(5) says that a " 'prevailing party' means the party in whose favor final judgment or decree is rendered." Defendant lost at

___

prevailing party for purposes of an award of attorney fees to be the one that prevailed on such a claim.

In contrast with *America Petrofina*, the claims at issue in this case are discrete claims for breach of a lease and for amounts due under ORS 465.255(1) for remedial action costs incurred as a result of a release of hazardous wastes. Furthermore, there is no reason to assume that parties to a lease contract such as the one in this case would intend for the prevailing party in litigation under it to be anyone other than the one that prevailed on claims to enforce the lease. Hence, in accordance with *American Petrofina*, the prevailing party under ORS 20.096 is the party who prevailed on the lease claim, which is defendant.

the trial level. He appealed and lost again on appeal. Final judgment has not been rendered in his favor.

The majority's decision is contrary to the above law. The term "prevailing party" in the parties' lease is not defined. Therefore, the meaning of the phrase in ORS 20.096(5) controls. In this case, plaintiff, having prevailed on his nonlease claim, is the party in whose favor final judgment is rendered. There can be only one prevailing party. *Anderson v. Jensen Racing, Inc.,* 324 Or 570, 578-79, 931 P2d 763 (1997). Under the majority's holding, there are two prevailing parties, contrary to the express language of ORS 20.096(5).

The majority's error is further demonstrated by the following paragraph in its opinion:

> "ORS 20.096 provides for an award of attorney fees to the prevailing party, which the statute defines as 'the party in whose favor final judgment or decree is rendered.' ORS 20.096(5). By its terms, that definition does *not* specify whether the prevailing party is the one in whose favor final judgment is rendered *in the action* or the one in whose favor it is rendered *on the claims subject to ORS 20.096 in the action.* * * * The term 'prevailing party' usually does refer to the party who prevails in an action, *see Marquam Investment Corp. v. Myers,* 35 Or App 23, 30, 581 P2d 545, *rev den* 284 Or 341 (1978), but that does not mean that the legislature intended the term to have that meaning in ORS 209.096. In context, the legislature could have intended either of the meanings identified above, which makes the statute ambiguous. Consequently, it is appropriate to look to legislative history to determine which meaning the legislature intended." 156 Or App at 375 (emphasis in original).

In this case, there is no final judgment to be found in favor of defendant. Plaintiff is entitled to judgment in his favor based on our decision in *Newell v. Weston*, 150 Or App 562, 946 P2d 691 (1997), *rev den* 327 Or 317 (1998). Moreover, there is nothing ambiguous regarding the language of ORS 20.096(5) when it is considered with the Supreme Court cases that have interpreted it. Interpretations by the Supreme Court of statutes like ORS 20.096 become part of the statute as if they had been written into it at the time of

their enactment. *Walther v. SAIF,* 312 Or 147, 149, 817 P2d 292 (1991). Such interpretations also become part of the context of the statute and are part of the first level of analysis of legislative intent regarding the interpretation of a statute. *State v. Guzek,* 322 Or 245, 255, 906 P2d 272 (1995). The majority's resort to a secondary level of analysis of legislative history is improper.

Our decision in *Zidell* is based on several Supreme Court precedents, which are part of the context of ORS 20.096, including *American Petrofina v. D & L Oil Supply,* 283 Or 183, 583 P2d 521 (1978). That case began as an action by the plaintiff to recover money alleged to be due from the defendant for products and services furnished to defendant, including a claim for reimbursement by plaintiff under a painting agreement with defendant. Plaintiff sought attorney fees as provided for in the painting contract. Defendant raised a number of counterclaims and also sought attorney fees under ORS 20.096. The court concluded that the defendant was entitled to judgment for reimbursement in connection with the painting contract. When the reimbursement was taken into account in the final judgment, the reduction in the amount of the plaintiff's original claim resulted in a money judgment for the defendant. The defendant argued that for purposes of the statute, it was "the party in whose favor final judgment had been rendered." The court noted:

> "Under a strict analysis, then, [the defendant] 'prevailed' on the contract count and could argue (although it has not done so) that it is entitled to attorney fees on that basis. We believe, however, that such an approach would make the application of ORS 20.096 unworkable." 283 Or at 199.

It explained:

> "The better alternative is to consider the plaintiff who recovers in such a case to be the prevailing party under the statute and to consider the defendant to be the prevailing party only when the plaintiff takes nothing on account of the transaction. This interpretation of the statute is consistent with the language of subsection (3), which provides that the prevailing party is the one 'in whose favor final judgment or decree is rendered.' We believe it will also come closer to giving effect to the probable intent of the parties

who have provided a contract for recovery of attorney fees in the event of litigation.

"Therefore, as we construe the statute [the defendant] is not the 'prevailing party' in this case because [the plaintiff] was held entitled to recover upon the cause of action pleaded alternatively in contract and in quasi-contract. The award of attorney fees to [the defendant] was not proper." 283 Or at 199-200. (Footnote omitted.)

In *U. S. Nat'l Bank v. Smith*, 292 Or 123, 128, 637 P2d 139 (1981), the court held that even though the defendant obtained a reduction of the judgment on appeal and was entitled to an award of costs incurred on appeal, the plaintiff, in whose favor final judgment was entered, was entitled to attorney fees under ORS 20.096. The court pointed out that ORS 20.096(5) defines a prevailing party as the party in whose favor final judgment or decree is entered. It said:

"It follows, in our opinion, as contended by plaintiff, that in an action or suit to enforce the provisions of a contract which includes a provision for payment of attorney fees incurred to enforce provisions of the contract, the only question to be determined in deciding which party is entitled to an award of attorney fees on appeal is the question of determining 'the party in whose favor final judgment or decree is rendered,' not whether the appellant has been successful on appeal in obtaining some substantial modification of the judgment or decree as entered by the trial court." 292 Or at 127-28.

In this case, defendant is in no different position than the defendant in *American Petrofina* or the defendant in *Smith*. Defendant merely successfully defended a cross-appeal. No final judgment in the case has been or will be awarded in his favor.

There is another reason why we should not overrule our holding in *Zidell*. In *Multnomah County v. Sliker*, 10 Or 65, 66 (1881), the court said regarding the rule of *stare decisis*:

"[T]he rule is said to be almost universal that in construing statutes and the constitution, [courts should] adhere to the doctrine of *stare decisis* [even though a different conclusion might be reached], unless error is plainly shown to exist[.]"

The pertinent language in ORS 20.095(5) was enacted in 1971. *Zidell* was decided in 1988, *Carlson* in 1982 and *Jewell v. Triple B. Enterprises*, 290 Or 885, 626 P2d 1383, in 1981. They interpret the intention of the legislature regarding a statute that, for purposes of the issue in this case, has remained unchanged. Our holding in *Zidell* has been followed by the bench and the bar for ten years, and neither the Supreme Court nor the legislature has seen fit to overrule or change it. At a minimum, that is some indication that we got it right.

Now the same court that decided *Zidell*, although constituted with different members, decides that the legislature had a different intention in 1971. We should be mindful that an important policy of appellate courts of this state is to afford certainty to the administration of justice within the state. The changing of the goal posts by judicial fiat without a showing of plain error can lead to nothing but uncertainty in the law. Lawyers and litigants are entitled to make decisions about whether to prosecute appeals or cross-appeals based on what they consider to be settled law. Under *Zidell*, plaintiff could have prosecuted a cross-appeal without fear of having attorney fees being awarded against him. Now, because of the majority's change, he finds himself faced with over a $14,000 judgment.

Pity the poor lawyer who reads appellate decisions that purport to discuss legislative intent about an unchanged statute and advises his client accordingly. Pity the poor client who looks to settled case law as a guide through the mine field of the risks of litigation. Pity the trial bench and the public who must anticipate what the next interpretation by this court will bring from what was previously thought to be settled legislative intent.

I dissent.

Riggs, J. pro tempore joins in this dissent.