Argued and submitted September 5, 2001, reversed and remanded in part; otherwise affirmed on appeal and cross-appeal January 30, 2002

## CMS SHEEP CO., INC.,
*Respondent - Cross-Appellant,*

*v.*

## Roger S. RUSSELL;
Burnette M. Russell;
and Mary E. Baker,
Individually and as Trustees of the
Russell Revocable Trust dated September 26, 1984;
Robert P. Kingzett
and Orland E. Kingzett,
Individually and as Trustee of the
O. E. and Mary Kingzett Family Trust dated July 2, 1994,
*Appellants - Cross-Respondents,*

*and*

## VALLEY LAND CO.,
*Appellant,*

*and*

## AMVESCO, INC.,
and Ever Green Logging, Inc.,
*Defendants.*

97 CV 4969; A110447

39 P3d 262

Kate A. Thompson argued the cause for appellants - cross-respondents Roger S. Russell, Burnette M. Russell, and Mary E. Baker. With her on the reply brief were William H. Martin and Gleaves Swearingen Larsen Potter Scott & Smith, LLP. On the opening brief were William H. Martin, Todd R. Johnston, and Gleaves Swearingen Larsen Potter Scott & Smith, LLP.

James C. Chaney argued the cause for appellant Valley Land Co. and appellants - cross-respondents Robert P. Kingzett and Orland E. Kingzett. With him on the briefs was Jaqua & Wheatley, P.C.

Charles F. Lee argued the cause for respondent - cross-appellant. With him on the brief was Lee & Kaser, P.C.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff CMS Sheep Co., Inc. (CMS), initiated this action for breach of contract, timber trespass, and various equitable claims against defendants Roger S. Russell, Burnette M. Russell, and Mary E. Baker (the Russells) and defendants Valley Land Co., Inc. (Valley), and Robert P. Kingzett and Orland E. Kingzett (the Kingzetts). CMS prevailed on its timber trespass claim against the Kingzetts and Valley, but it lost on all others. The trial court entered judgment for CMS and awarded it attorney fees against the Kingzetts and Valley. The Russells appeal, arguing that the trial court erred in failing to award them their attorney fees. The Kingzetts and Valley also appeal, arguing that the trial court erred in concluding that they had committed timber trespass and in the calculation of damages and attorney fees. And CMS cross-appeals, arguing that the trial court erred in dismissing its breach of contract claims. We agree with the Russells that the trial court erred in failing to award the Russells their attorney fees for the reasons that follow. In all other respects, on both the appeal and cross-appeal, we affirm the trial court without further discussion.[1]

The facts relevant to the disposition of the Russells' appeal are not in dispute. The Russells once owned 271 acres of farm and timber land. They sold the parcel to CMS and then leased back 80 acres of it for a 99-year term. The lease provided that the Russells would use the 80-acre parcel for "farming, ranching, and a single family homesite." The lease provided CMS with a right of first refusal:

> "The LESSOR [CMS] shall have the right of first refusal to purchase any remaining years of this lease of the 80 acre parcel. In event of an offer from a third party, LESSEE [the Russells] shall notify LESSOR of the receipt of such offer of purchase in writing stating price and terms thereof. Upon receipt of such notice the LESSOR shall have thirty days within which to elect to purchase said parcel under this first right of refusal on identical or better terms offered by third party."

---

[1] The trial court dismissed CMS's claims against Amvesco, Inc., and Ever Green Logging, Inc., and they are not parties to the appeal.

It also contained an attorney fee provision:

"In case suit or action is instituted to enforce any term of this lease, the losing party agrees to pay such sum as the trial court may adjudge reasonable as attorney fees and costs to the prevailing party."

In July 1995, the Russells purchased a five-acre parcel adjacent to the 80-acre leased parcel. In December 1996, the Russells negotiated the sale of their leasehold interest in the 80 acres to the Kingzetts for $75,000. As part of the same transaction, the Russells negotiated the sale of the adjacent five-acre parcel for $20,000, contingent on the consummation of the sale of the lease. The Russells notified CMS of the negotiated sale of the lease, but made no mention of the sale of the adjacent five-acre parcel. CMS declined to exercise its right of first refusal, and the sale proceeded to closing.

In late 1997, the Kingzetts cut approximately 40,000 board feet of timber from the 80-acre leased parcel. CMS then initiated this action. Against the Russells, CMS asserted a claim for breach of contract. According to CMS, the Russells had failed to disclose fully the terms of the transaction with the Kingzetts and thereby violated the right-of-first-refusal clause of the lease. CMS also asserted claims for declaratory judgment and specific performance of the right-of-first-refusal clause on the same theory. Against the Kingzetts, CMS asserted a claim for breach of contract based on their harvesting of the timber. It also asserted timber trespass and various equitable claims against the Kingzetts based on the timber harvesting.

The matter was tried to the court. The trial court rejected all of the claims against the Russells. It also rejected all claims against the Kingzetts but one: the timber trespass claim. On that claim, the court found for CMS and awarded treble damages in accordance with the timber trespass statute. ORS 105.810.

CMS then moved for an award of attorney fees against the Kingzetts. The Russells sought attorney fees, on the claims asserted against them arising under the lease, under *Newell v. Weston*, 156 Or App 371, 965 P2d 1039 (1998), *rev den* 329 Or 318 (1999). The trial court awarded

CMS its costs, disbursements, and attorney fees against the Kingzetts. It rejected the Russells' attorney fee request.

On appeal, the Russells argue that the trial court erred in failing to award them their attorney fees. Citing *Anderson v. Jensen Racing, Inc.*, 324 Or 570, 931 P2d 763 (1997), CMS argues that there can be only one prevailing party; *Newell*, if not wrong, is distinguishable, CMS argues.

■ The starting point is the contractual attorney fee provision. *Wilkes v. Zurlinden*, 328 Or 626, 984 P2d 261 (1999). In this case, the lease provides for an award of attorney fees to the "prevailing party" in an action "to enforce any term of this lease." In the absence of a contrary intention, it is presumed that the parties intended the reference to "prevailing party" to have the meaning set out in ORS 20.096(5), that is, the "party in whose favor final judgment or decree is entered." *Carlson v. Blumenstein*, 293 Or 494, 500, 651 P2d 710 (1982).

In *Newell*, we held that, by referring to the "party in whose favor final judgment or decree is entered," the statute refers not to the party who prevailed in the action as a whole but instead to the party who prevailed on the *claims* that are subject to the contractual fee provision. In that case, the plaintiff landlord asserted a claim for breach of a lease agreement arising out of gasoline contamination from a leaking underground storage tank that the defendant tenant maintained on the property. The plaintiff also asserted a claim for damages under a statute that provided for strict liability for remedial action costs from any owner or operator of premises at which contamination occurs. *See* ORS 465.255(1). The plaintiff prevailed on the statutory claim, but lost on the breach of contract claim. We affirmed. The defendant then moved for an award of attorney fees under a provision in the lease providing for an award of attorney fees to the prevailing party in an action to enforce its terms. The plaintiff argued that, as the party in whose favor judgment was entered, only he was entitled to attorney fees. We agreed with the defendant, holding that, because he had prevailed on the breach of contract claim, he was entitled to attorney fees as to that claim. *Newell*, 156 Or App at 378-79.

*Newell* controls the disposition of this case. The Russells prevailed on the breach of contract claims asserted against them. They are thus the prevailing parties on all claims to which the attorney fee provision in the lease applies and are entitled to an award of attorney fees. The fact that CMS prevailed on the timber trespass claim against the Kingzetts is irrelevant.

*Anderson* is not to the contrary. In that case, there were multiple claims arising under a contract between the parties; none of the claims arose independently of the contract. The plaintiffs lost as to most of the claims. They moved for an award of attorney fees under the contract, because they prevailed at least in part. The trial court denied the motion. The Supreme Court affirmed, concluding that, *as to the claims brought under the contract*, there could be only one prevailing party. *Anderson*, 324 Or at 578-79. The court specifically confined its decision to the facts and declined to address whether the contract permitted an award of attorney fees in cases in which there are multiple claims, not all of which arise out of the contract:

> "Our opinion in this case is confined to circumstances in which the parties are advancing competing claims under a particular contract. We are not called on in this case to decide who may be entitled to attorney fees when, for example, one party prevails * * * on a contract claim under a contract providing for an award of fees to the prevailing party and the other party prevails on a competing claim of another kind that also carries an entitlement to fees for the prevailing party (*e.g.*, a statutory claim)."

*Id.* at 580 n 3. The question that the court left open in *Anderson* is precisely the question that this court answered in *Newell*.

Reversed and remanded for entry of judgment awarding attorney fees to defendants Russells and Baker; otherwise affirmed on appeal and cross-appeal.