KISTLER, J.,
concurring.
I join the majority’s opinion holding that, under the text of ORS 20.080, the requirements that apply to a plaintiff who seeks fees under subsection (1) do not apply to a defendant who seeks fees under subsection (2). Textually, that conclusion is inescapable. I also agree with the majority *498 that the statement to the contrary in Bennett v. Minson, 309 Or 309, 315, 787 P2d 481 (1990), is dictum and thus not binding. Disavowing the statement in Bennett raises problems, however.
Under the majority’s opinion, a plaintiff may recover fees under ORS 20.080(1) only if the plaintiff makes a written demand on the defendant “not less than 10 days before the commencement of the action” and only if any award of damages that the plaintiff receives exceeds any tender that the defendant made before the action began. ORS 20.080(2), however, does not impose those conditions on a defendant’s right to recover attorney fees when the defendant prevails on a counterclaim; that is, ORS 20.080(2) does not require a written demand before filing a counterclaim, nor does it condition a defendant’s right to recover attorney fees on the defendant’s recovering more on the counterclaim than the plaintiff had tendered.[1]
It is difficult to see the reason for that difference. If the conditions that plaintiffs must meet to recover attorney fees promote settlement of their claims, then the absence of those conditions removes an incentive for defendants to settle their counterclaims. The message from the court’s opinion is clear, however: If the legislature did not intend to excuse defendants from satisfying the same (or comparable) conditions that it requires plaintiffs to meet to recover attorney fees under ORS 20.080, then only the legislature can remedy that problem. This court’s obligation is to follow the legislature’s intent, as the legislature has expressed it, not to add words to the statute to supply, as the court in Bennett would have, what the legislature has omitted.

 It may be that a plaintiff’s tender would be effective under ORCP 54 E to limit any attorney fees that a defendant incurred after the tender; that is, it may be that the conflict that the court found between ORS 20.080(1) and ORCP 54 E in Powers v. Quigley, 345 Or 432, 198 P3d 919 (2008), would not exist between ORS 20.080(2), as the court has now interpreted it, and ORCP 54 E. That issue is not before the court, however, and the court accordingly expresses no opinion on it.