Argued and submitted March 19, 2010, dismissal of defendants' counterclaim for trespass reversed and remanded; otherwise affirmed March 2, petition for review denied August 18, 2011 (350 Or 573)
Petition for review on attorney fees allowed October 6, 2011 (351 Or 216)

Eric HALPERIN
and Beatrice H. Michel,
*Plaintiffs-Respondents,*

*v.*

Ray PITTS
and Joyce Pitts,
*Defendants-Appellants.*

Ray PITTS
and Joyce Pitts,
*Counterclaim Plaintiffs,*

*v.*

Eric HALPERIN
and Beatrice H. Michel,
*Counterclaim Defendants.*

Washington County Circuit Court
C064436CV; A139639

250 P3d 402

Michael J. Morris argued the cause for appellants. With him on the briefs was Bennett, Hartman, Morris & Kaplan, LLP.

Peggy Hennessy argued the cause for respondents. With her on the brief was Reeves, Kahn & Hennessy.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendants appeal a judgment quieting title to a disputed strip of land in plaintiffs and dismissing defendants' trespass counterclaim, raising five assignments of error. We write to address only one of defendants' assignments of error—*viz.*, that the trial court erred in dismissing defendants' counterclaim for trespass against plaintiff Michel on the ground that her intrusion onto defendants' land was so trivial that she could not be liable for trespass—and reject the others without discussion. We agree with defendants that the trial court erred in dismissing defendants' counterclaim for trespass. Accordingly, we reverse the dismissal of that counterclaim and otherwise affirm.

The relevant facts are not in dispute. Plaintiffs and defendants own adjacent parcels of land in Washington County. In 2001, after a surveyor hired by plaintiffs had staked what he believed to be the line between the properties—on which plaintiffs had hoped to plant a hedge for privacy—plaintiffs and defendants began to dispute the actual location of the property line. Because of the dispute, defendants posted "No Trespassing" signs on their land near the staked line. Fearing that the surveyor might have incorrectly determined the property line, plaintiffs planted their hedge about five to seven feet inside of the stakes on their land. In 2003, Michel walked up a roadway on defendants' property, intruding five to six feet beyond the stakes placed in 2001, while pointing at the hedge and speaking to plaintiff Halperin, who remained on plaintiffs' land. Then, in 2006, after the property line dispute had subsided for two years, plaintiffs discovered that defendants had built a fence on plaintiffs' side of the staked line.

Plaintiffs sued defendants for trespass in response to the fence and for quiet title to resolve the dispute over the proper dividing line between the properties. Defendants asserted counterclaims for quiet title and for trespass based on Michel's intrusion in 2003, requesting, as a result of the trespass, damages and their attorney fees under ORS 20.080 (2007).[1] Following a bench trial, the court ruled:

---

[1] The 2007 version of ORS 20.080 applies in this case, and it provided for an award of attorney fees to plaintiffs who prevail on tort claims in which the amount

"The defendant[s] ha[ve] raised an issue about whether * * * Michel walked on the dirt at one point five years ago for a few minutes or less.

"I would note [that] one of the cases [defendants] cited, *Rhodes v. Harwood*, [273 Or 903, 544 P2d 147 (1975),] does say that * * * the law infers some damage if nothing were treading down but grass, but, quite frankly, I am finding that neither side has proved by a preponderance of the evidence that there has been a trespass by the other that has allowed for any nominal damages. And I am finding * * * that those claims have not been proved."[2]

The court entered a judgment quieting title to the disputed strip of land in plaintiffs and dismissing both plaintiffs' trespass claim and defendants' trespass counterclaim with prejudice.

■       On appeal, defendants argue that Michel's physical entry onto their land establishes her liability for trespass, regardless of whether that entry was trivial or trifling. In response, Michel contends that her one-time entry onto defendants' roadway to view her own plants in 2003 did not sufficiently invade defendants' possessory interests in the land so as to support liability for trespass. We agree with defendants.

■       An actionable interference with a possessor's interest in exclusive possession of land is a trespass. *Martin et ux v. Reynolds Metals Co.*, 221 Or 86, 90, 342 P2d 790 (1959), *cert den*, 362 US 918 (1960). Any physical intrusion by a person onto another's land necessarily interferes with the possessor's right to exclusive use of the land. Consistently with that principle, *Prosser and Keeton on Torts* § 13, 70-71 (5th ed 1984), states that, under the common law of trespass,

"[a]ny physical entry upon the surface of the land [of another] is a trespass, whether the entry is a walking upon

pleaded is $5,500 or less and to defendants who prevail on equivalent counterclaims.

[2] Although the trial court's ruling refers to the principle in *Rhodes* that the law presumes damages in a trespass action even if the plaintiff did not prove actual damage resulting from the defendant's intrusion, *see Rhodes*, 273 Or at 926, we understand the basis for the court's ruling to be that Michel's entry onto defendants' land was legally insufficient to support liability for trespass.

it, flooding it with water, casting objects upon it, or other-
wise. In general, the courts * * * have abandoned any dis-
tinction between direct and indirect invasions where there
is an actual entry by a person or a thing."

Therefore, any physical intrusion by a person onto another's
land gives rise to liability for trespass, subject to the possibil-
ity that the possessor authorized such an intrusion.

Contrary to that broad principle of liability, Michel
relies on the Supreme Court's analysis in *Martin* to support
her argument that a trifling intrusion onto another's land
should not be treated as an actionable interference giving
rise to liability for trespass. In *Martin*, the defendant's oper-
ation of an aluminum reduction plant caused fluoride com-
pounds emitted from the plant to settle on the plaintiffs' land.
As a result of that intrusion, the plaintiffs brought an action
for trespass against the defendant, and the trial court even-
tually granted the plaintiffs' motion for a directed verdict on
that theory. On appeal, the defendant's basic contention was
that the invasion of the plaintiffs' land constituted a nui-
sance, and not a trespass, because the intrusion was not "a
direct, as distinguished from a consequential, invasion of the
possessor's interest in land." 221 Or at 89.

To determine the correct theory of liability, the court
in *Martin* first recognized that trespass and nuisance are sep-
arate theories that both involve an interference with the pos-
session of land. Then, in outlining the appropriate inquiry for
its analysis, the *Martin* court stated:

"In every case in which trespass is alleged the court is
presented with a problem of deciding whether the defen-
dant's intrusion has violated a legally protected interest of
the plaintiff. In most cases the defendant's conduct *so
clearly invades* the well-established possessory interest of
the plaintiff that no discussion of the point is called for. But
where neither the defendant's conduct nor the plaintiff's
use fall within the *familiar trespass pattern of the past*, the
courts are faced with a preliminary inquiry as to whether
the plaintiff has a protectible interest under the law of tres-
pass. This in turn calls for the inquiry as to whether the
defendant's conduct was such as to constitute an invasion of
that interest."

*Id.* at 95 (emphases added). The court then suggested that one possible solution to that inquiry, when courts are faced with it, may be that the defendant's "intrusion is so trifling that the law will not consider it and the principle de minimis non curat lex is applicable." *Id.*[3] According to Michel, that principle and the example given by the court of a situation in which it would operate, *viz.*, the casting of a grain of sand upon another's land, are applicable in this case.

However, that argument misses the mark. The trial court, according to *Martin*, should only undertake the "de minimis" inquiry in cases in which a party's intrusion does not clearly invade the possessor's right to exclusive possession or "fall within the familiar trespass pattern of the past." As stated above, the physical intrusion by a person of another's land clearly invades that right and is the most familiar of trespass patterns; therefore, liability for trespass unquestionably can arise from such an intrusion.

■       Here, Michel concedes that she physically intruded onto defendants' land when she walked on the roadway to look at her plants. Accordingly, we conclude that, as a matter of law, she is liable for trespass,[4] and the court erred in dismissing defendants' trespass counterclaim.[5]

Dismissal of defendants' counterclaim for trespass reversed and remanded; otherwise affirmed.

---

[3] "De minimis non curat lex" is Latin for the phrase "[t]he law does not concern itself with trifles." *Black's Law Dictionary* 496 (9th ed 2009).

[4] In *Knight v. Nyara*, 240 Or App 586, 248 P3d 36 (2011), we addressed whether the defendants were entitled to injunctive relief on their counterclaim for trespass, which is a different issue from the one presented in this case—whether a transitory physical intrusion onto land constitutes a trespass.

[5] Further, we note that Michel's minimalistic description of her intrusion onto defendants' land—a one-time entry onto defendants' roadway by a few feet to view her own plants—does not cut against our conclusion. The particular circumstances surrounding a physical intrusion that suggest that the injured party suffered minimal damages, *e.g.*, the duration and repetition of the intrusion, do not bear on the court's determination of whether liability for trespass attaches.