Filed: October 4, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

ERIC HALPERIN
and BEATRICE H. MICHEL,

Respondents on Review,

v.

RAY PITTS
and JOYCE PITTS,

Petitioners on Review.

_____

RAY PITTS
and JOYCE PITTS,

Counterclaim Plaintiffs,

v.

ERIC HALPERIN
and BEATRICE H. MICHEL,

Counterclaim Defendants.

(CC C064436CV; CA A139639; SC S059505)

En Banc

On review of an order of the Court of Appeals denying petition for attorney fees of petitioners on review.

Argued and submitted January 12, 2012.

Michael J. Morris, Bennett, Hartman, Morris & Kaplan, LLP, Portland, argued the cause and filed the brief for petitioners on review.

Cody Hoesly, Larkins Vacura LLP, Portland, argued the cause and filed the brief for respondents on review.

LANDAU, J.

The order of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

Kistler, J., concurred and filed an opinion.

LANDAU, J.

ORS 20.080[1] provides for an award of attorney fees in small tort actions. Subsection (1) of the statute provides for an award to the plaintiff, if the plaintiff prevails in the action. That subsection spells out certain procedural prerequisites to such an award to the plaintiff, including a requirement that the plaintiff must have made a timely written demand on the defendant before initiating the action. Subsection (2) provides for an award of fees to the defendant if the defendant pleads a counterclaim and the defendant prevails in the action. Subsection (2), however, does not mention any prerequisites to the award. In particular, it says nothing about the defendant having to make a timely written demand on the plaintiff. The issue in this case is whether subsection (2) nevertheless should be read to require a defendant to have made a timely written demand as a prerequisite to recovering attorney fees under the statute. The Court of Appeals concluded that ORS 20.080(2) must be read to include the requirement. We disagree. The legislature included no statutory wording that is reasonably capable of being read to require a defendant to tender a prelitigation demand as a prerequisite to recovering attorney fees. We therefore reverse the decision of the Court of Appeals and remand for further proceedings.

The relevant facts are few and undisputed. Plaintiffs and defendants own adjacent parcels of land in Washington County. For years, they have disputed the

---

[1] All citations are to the 2007 version of the Oregon Revised Statutes unless stated otherwise.

1

boundary between their properties. Plaintiffs sent defendants a demand letter, complaining about what they regarded as defendants' trespass and asking for $5,500 in damages. Plaintiffs later initiated an action to quiet title and alleging a claim for trespass against defendants. Defendants counterclaimed for trespass and to quiet title, alleging $5,000 in general damages. After a bench trial, the trial court dismissed both parties' trespass claims, concluding that neither party was entitled to relief. The trial court did, however, quiet title in plaintiffs' favor.

Defendants appealed, arguing that, among other things, the trial court had erred in dismissing their counterclaim for trespass. The Court of Appeals agreed, concluding that, based on plaintiffs' own admissions, they were liable for trespass as a matter of law. *Halperin v. Pitts*, 241 Or App 249, 254, 250 P3d 402 (2011).

Defendants then petitioned the Court of Appeals for an award of attorney fees pursuant to ORS 20.080(2). Plaintiffs objected, asserting that defendants were not entitled to attorney fees because defendants had failed to send plaintiffs a demand letter before filing their counterclaim for trespass. Defendants argued that ORS 20.080(2) contains no such requirement. Plaintiffs replied that this court nevertheless read the statute to include such a requirement in *Bennett v. Minson*, 309 Or 309, 787 P2d 481 (1990). Defendants rejoined that the suggestion in *Bennett* that ORS 20.080(2) includes a prelitigation demand requirement was *dictum* and contrary to the plain wording of the statute. The Court of Appeals sustained plaintiffs' objection to the petition for an award of attorney fees, based on this court's decision in *Bennett*.

On review, defendants argue that the Court of Appeals erred in reading into

2

ORS 28.080(2) a requirement that simply is not contained in the statute's wording. Defendants acknowledge that a passage in *Bennett* is to the contrary, but they argue that the passage addressed a matter that was neither disputed nor briefed by the parties and was not necessary to the court's decision. As such, defendants contend, the passage amounts to *obiter dictum* and has no precedential force.

Plaintiffs concede that ORS 20.080(2) is "silent" on the question whether a defendant must deliver a prelitigation demand letter as a prerequisite to recovery of attorney fees under that subsection. Nevertheless, they contend that this court in *Bennett* concluded that the statute does impose such a requirement, and, because of the importance of *stare decisis*, as well as various policy reasons, this court should adhere to that earlier decision. Alternatively, plaintiffs contend that, if this court chooses to follow the wording of ORS 20.080(2) without the gloss that *Bennett* imposed on it, we should do so prospectively, because they reasonably relied on *Bennett*.

Thus framed, the issue is one of statutory construction. The rules of statutory construction are familiar. Our goal is to determine the meaning of the statute that the legislature that enacted it most likely intended. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). To determine the intended meaning of the statute, we examine its text, in context, and, where appropriate, legislative history and relevant canons of construction. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). This court has emphasized that, in determining the intended meaning of a statute,

> "there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes. Only the text of a statute receives the consideration and approval

3

of a majority of the members of the legislature, as required to have the effect of law. The formal requirements of lawmaking produce the best source from which to discern the legislature's intent, for it is not the intent of the individual legislators that governs, but the intent of the legislature as formally enacted into law[.]"

*Id*. at 171 (citations and internal quotation marks omitted).

We begin, therefore, with the words of the statute at issue. ORS 20.080 provides:

"(1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461. However, no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action or the filing of a formal complaint under ORS 46.465, or not more than 10 days after the transfer of the action under ORS 46.461, an amount not less than the damages awarded to the plaintiff.

"(2) If the defendant pleads a counterclaim, not to exceed $5,500, and the defendant prevails in the action, there shall be taxed and allowed to the defendant, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the counterclaim."

Subsection (1) plainly applies to plaintiffs only. It provides that, if the plaintiff prevails in certain types of tort actions, the court may award attorney fees provided that, among other things, the plaintiff made a "written demand for the payment" of the claim before commencement or transfer of the action. Subsection (2) plainly applies to defendants only. It provides that, if a defendant prevails on certain counterclaims, the court may award attorney fees. Subsection (2) makes no mention of a prelitigation demand

4

requirement. It supplies no phrasing that reasonably could be construed to impose such a requirement.

The history of what is now codified at ORS 20.080 confirms that reading of the statute. The statute was originally enacted in 1947 without subsection (2), and it provided that,

"[i]n any action for damages for an injury or wrong to the person or property, or both, of another where the amount recovered is five hundred dollars ($500), or less, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees for the prosecution of such action, if the court shall find that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of such action; provided, that no attorney fees shall be allowed to the plaintiff if the court shall find that the defendant tendered to the plaintiff, prior to the commencement of such action, an amount not less than the damages awarded to the plaintiff in such action."

Or Laws 1947, ch 366, § 1, *codified at* OCLA § 10-902a (Supp 1947). As originally enacted, the attorney fee provision applied only to plaintiffs; that is, it authorized a recovery of attorney fees only if a plaintiff prevailed in the action that the plaintiff commenced.[2] As this court observed in *Colby v. Larson*, 208 Or 121, 126, 297 P2d 1073 (1956), the statute "was undoubtedly enacted for the purpose of encouraging the

---

[2] It could be argued, although no party in this case does, that the term "plaintiff" in OCLA section 10-902a was intended to be applied broadly to include counterclaimants. Such an interpretation is highly unlikely. First, it was well understood at the time that "counterclaims are pleas of defendants and not of plaintiffs." *First Nat'l Bank v. Noble et al.*, 179 Or 26, 37, 168 P2d 354 (1946). Second, the legislature amended the statute in 1955 to refer expressly to counterclaiming defendants, an amendment that would have been unnecessary if OCLA section 10-902a already applied to counterclaimants.

settlement without litigation of meritorious tort claims involving small sums. The risk the defendant ran of having to pay the fee of the plaintiff's attorney was evidently considered a spur to such settlements."

The legislature amended OCLA section 10-902a -- which in 1953 had been codified at ORS 20.080 -- to add what is now subsection (2) in 1955. Or Laws 1955, ch 554, § 2. The legislative history is sparse. Nothing in it suggests that the legislature intended the prelitigation demand requirement that was stated in the original version of what is now ORS 20.080(2) to apply to defendants.

In that regard, we note that the legislature easily could have amended the statute simply to add counterclaims and counterclaiming defendants to the existing phrasing of the law. And, in fact, that is precisely what originally was contemplated by the Oregon State Bar, which proposed the wording that the legislature ultimately enacted as ORS 20.080(2). A 1953 report from the Committee on Minimum Fee Schedules of the Oregon State Bar recommended that the Bar "propose and attempt to secure the enactment" of an amendment to ORS 20.080 to include the following italicized language:

> "Section 1. In any action for damages, *or counter claim for damages,* for any injury or wrong to the person or property, or both, of another where the amount [recovered] *in controversy is* [five hundred dollars $500.] *one thousand dollars ($1000.00)* or less, there shall be taxed and allowed to the plaintiff, *or a counter-claiming defendant,* as a part of the costs of the action, a reasonable amount to be fixed by the court as attorneys fees for the prosecution of such action if the court shall find that written demand for the payment of such claim was made on the defendant *or plaintiff* not less than 10 days before the commencement of such action; provided, that no attorney fees shall be allowed to the plaintiff *or defendant* if the court shall find that the defendant, *or plaintiff* tendered to the plaintiff, *or defendant,* prior to the commencement of such action, an amount not less than the damages awarded to the plaintiff *or defendant* in

such action."

Oregon State Bar, *Minimum Fee Schedules*, 1953 Committee Reports 14 (italicization and bracketed material in original). That recommendation apparently was not adopted. The following year, the same committee submitted a revised recommendation that removed references to the defendant from subsection (1) of ORS 20.080 and created a new provision applying only to defendants, in a proposed new subsection (2). Oregon State Bar, *Minimum Fee Schedules*, 1954 Committee Reports 20. The Bar proposed that version at the next legislative session, and the legislature approved it with minor wording changes of a nonsubstantive nature.[3]

Over the course of the next four decades, the legislature amended ORS 20.080 to increase the amount of damages pleaded that would trigger the statute. Or Laws 1979, ch 525, § 2 (increasing amount to $3,000); Or Laws 1985, ch 342, § 7 (increasing amount to $4,000). In 1981, the legislature also amended the statute to apply both at trial and on appeal. Or Laws, ch 897, § 1.

In 2009, the legislature added three new subsections that spell out in greater detail the information that must be included in the prelitigation demand letter that is required under ORS 20.080(1), as well as the consequences of failing to provide that

---

[3]    The bill, as the Bar originally proposed it, provided that, if a defendant pleads a counterclaim, "and the defendant prevails thereon," the defendant may recover attorney fees. The legislature altered the wording of the quoted phrase to read, "and the defendant prevails in the action," a change that the court in *Bennett* characterized as "purely semantic." 309 Or at 314.

7

information.  The new subsections provide:

> "(3) A written demand for the payment of damages under this section must include the following information, if the information is in the plaintiff's possession or reasonably available to the plaintiff at the time the demand is made:
>
> "(a) In an action for an injury or wrong to a person, a copy of medical records and bills for medical treatment adequate to reasonably inform the person receiving the written demand of the nature and scope of the injury claimed; or
>
> "(b) In an action for damage to property, documentation of the repair of the property, a written estimate for the repair of the property or a written estimate of the difference in the value of the property before the damage and the value of the property after the damage.
>
> "(4) If after making a demand under this section, and before commencing an action, a plaintiff acquires any additional information described in subsection (3) of this section that was not provided with the demand, the plaintiff must provide that information to the defendant, and to the defendant's insurer, if known to the plaintiff, as soon as possible after the information becomes available to the plaintiff.
>
> "(5) A plaintiff may not recover attorney fees under this section if the plaintiff does not comply with the requirements of subsections (3) and (4) of this section."

ORS 20.080(3) - (5).

Of course, the new subsections adopted in 2009 do not provide "context" for the legislature's enactment of ORS 20.080(2) some 50-odd years earlier.  *See Stull v. Hoke*, 326 Or 72, 79-80, 948 P2d 722 (1997) (later-enacted statutes are not context for what the legislature intended an earlier-adopted statute to mean).  But that does not mean that they are irrelevant.  In fact, this court not infrequently refers to later-enacted statutes for the purpose of demonstrating consistency (or inconsistency) in word usage over time as indirect evidence of what the enacting legislature most likely intended.  *See, e.g.*,

8

*Gaines*, 346 Or at 177 n 16 (later-enacted statutes "can be of some aid in interpreting an earlier one" for the purpose of, among other things, demonstrating the legislature's consistent word usage or adherence to drafting conventions); *Clackamas Cty Assessor v. Village at Main St. Phase II*, 349 Or 330, 345, 245 P3d 81 (2010) (exceptions to 1907 statute adopted years later confirmed the meaning of the original statute); *Nibler v. Dept. of Transportation*, 338 Or 19, 22-23, 105 P3d 360 (2005) (examining later-enacted statutes to determine whether legislature intended to alter well-established meaning of statutory term); *Gladhart v. Oregon Vineyard Supply Co.*, 332 Or 226, 234, 26 P3d 817 (2001) (examining contrasting phrasing of later-enacted statutes as "strong evidence" of what the legislature intended an earlier statute to mean).

In this case, the 2009 amendments simply confirm what ORS 20.080(2) itself suggests; namely, that it imposes no prelitigation demand-letter prerequisite to a defendant's recovery of attorney fees under that section. Subsections (3), (4), and (5) fairly clearly refer to the demand letter as something that only a plaintiff is required to tender as a condition of recovering attorney fees. They spell out the information that must be included in the demand letter that subsection (1) requires exclusively in terms of information that is in the *plaintiff's* possession, or is reasonably available to the *plaintiff*, which the *plaintiff* must provide to the defendant or the defendant's insurer, and they conclude with the caution that "[a] *plaintiff* may not recover attorney fees under this section if the *plaintiff* does not comply" with the new requirements. ORS 20.080(5) (emphasis added). In fact, interpreting the requirements of subsection (1) to apply to defendants under subsection (2) would create some rather uncomfortable inconsistencies

with the more recently adopted provisions of subsections (3), (4), and (5).

In short, nothing in the wording of ORS 20.080 suggests that the legislature intended the prelitigation demand-letter requirement of subsection (1) to apply to defendants under subsection (2). In fact, the textual evidence is directly to the contrary.

Plaintiffs acknowledge that much. They nevertheless insist that *Bennett* effectively wrote such a requirement into ORS 20.080(2) and that this court is bound to follow the decision as a matter of *stare decisis*.

Certainly, this court's prior construction of a statute at issue is an important consideration. *See, e.g.*, *State v. Cloutier*, 351 Or 68, 100, 261 P3d 1234 (2011) ("Our analysis of [the statute] is also informed by this court's prior construction of that statute or its predecessors."); *Liberty Northwest Ins. Corp., Inc. v. Watkins*, 347 Or 687, 692, 227 P3d 1134 (2010) ("As part of the first level of analysis, this court considers its prior interpretations of the statute."). At one point, this court went so far as to hold that its prior interpretation of a statute "becomes a part of the statute as if written into it at the time of its enactment," subject to amendment by the legislature alone. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992). We no longer adhere to such a rigid rule of prior construction. *Farmers Ins. Co. v. Mowry*, 350 Or 686, 695-96, 261 P3d 1 (2011). Still, the court may consider itself bound to follow a prior construction as a matter of *stare decisis*. *Id*.

When the court's prior construction is mere *dictum*, however, it has no such precedential effect. *See, e.g.*, *Mastriano v. Board of Parole*, 342 Or 684, 692 n 8, 159 P3d 1151 (2007) ("This court has declined to treat a prior interpretation of a statute as

10

authoritative when it is *dictum*."); *SAIF v. Allen*, 320 Or 192, 204, 881 P2d 773 (1994) (same). "*Dictum*" is short for "*obiter dictum*," Latin for "something said in passing." *Black's Law Dictionary* 1102 (8th ed 2004). In judicial opinions, it commonly refers to a statement that is not necessary to the decision. *See State ex rel. Huddleston v. Sawyer*, 324 Or 597, 621 n 19, 932 P2d 1145 (1997) ("[T]hat statement was *dictum*, because it was not necessary to the outcome of the case."); *State v. Smith*, 301 Or 681, 696 n 10, 725 P2d 894 (1986) ("[T]he statement is not necessary to the decision in the case and is *dictum*.").

With the foregoing principles in mind, we turn to this court's prior decision in *Bennett*. In that case, the plaintiff brought an action for damages against the defendant for personal injuries arising out of a motor vehicle accident. *Bennett*, 309 Or at 311. The defendant, after tendering a demand letter that the plaintiff rejected, counterclaimed and requested attorney fees under ORS 20.080(2). *Id.* A jury found that each party was 50 percent negligent on each claim and that plaintiff's damages were $14,203.63, while the defendant's damages were $4,000; accordingly, the trial court entered judgment in favor of the plaintiff for $7,101.81 on his claim and in favor of the defendant for $2,000 on his counterclaim. *Id.* The defendant then moved for an award of attorney fees. *Id.* The plaintiff objected, arguing that the defendant had not "prevailed in the action" for the purposes of ORS 20.080(2) because there can be only one prevailing party in any action, and that party is the one who receives the net award. In that case, the plaintiff argued, he was the only prevailing party, as he received the net award of approximately $5,000. *Id.* at 312. The trial court agreed with the plaintiff and denied the request for attorney fees.

*Id.* The Court of Appeals affirmed, holding that "[t]here can only be one prevailing party, even in litigation involving counterclaims." *Bennett v. Minson*, 96 Or App 689, 692, 773 P2d 813 (1989).

On review, this court identified one -- and only one -- legal issue before it, namely, whether the defendant had "prevailed" within the meaning of ORS 20.080(2). As the court phrased it, "[t]he question is whether 'prevails in the action' in subsection (2) means to prevail on the counterclaim or to prevail in the overall litigation between the parties." *Bennett*, 309 Or at 313.

Answering that question, this court first noted that the wording of the phrase "prevailed in the action" in ORS 20.080(2) reasonably could mean prevail in the overall litigation or prevail on a particular claim or counterclaim. *Id*. at 314-15. The court then observed that the legislative history resolved the ambiguity. Specifically, the court noted that the purpose of subsection (1) of the statute -- which applies to plaintiffs -- was to encourage prompt evaluation and settlement of claims. *Id.* at 315. The court then observed that the threat of an attorney fee award under subsection (2) -- which applies to defendants -- was intended to prompt the same behavior. *Id*. That being the case, the court concluded, it follows that a defendant has "prevailed in the action" if he or she has prevailed on the counterclaim, not just the entire action. "If plaintiff's position here were to be sustained," the court explained,

> "a plaintiff with a valid larger claim could ignore a smaller counterclaim, secure in the knowledge that, so long as he recovered the net monetary judgment in the case, he or she would not be liable for defendant's attorney fees under ORS 20.080(2) regardless of the merits or the outcome of the defendant's counterclaim. We believe that result would defeat the

12

legislative purpose in enacting ORS 20.080." *Id*. at 315.

But the court, having answered the sole issue that had been presented to it, went further. In the last paragraph of its opinion, it added the following statement: "In keeping with our holding regarding the identity of concerns expressed in subsections (1) and (2), we also conclude that the procedural requirements of demand and tender contained in subsection (1) apply to subsection (2), which is silent on those matters." *Id*.

Why the court expressed an opinion on that matter is not clear. The issue had not been mentioned in the briefs in *Bennett* to this court or to the Court of Appeals. Indeed, the court itself noted that there was no dispute about whether the statute required a defendant to tender a prelitigation demand letter. *Id.* Certainly, the court's statement was not necessary to its determination of the narrow legal issue before it. Nor was it necessary to the larger issue whether the defendant was otherwise entitled to fees under ORS 20.080, given that the defendant had, on his own, tendered a prelitigation demand letter before asserting his counterclaim; thus, regardless of whether the statute required such a demand letter, the defendant had tendered one. In short, the court's remark about implicit procedural requirements in ORS 20.080(2) cannot reasonably be regarded as anything but *obiter dictum*. *Cf. State v. Ainsworth*, 346 Or 524, 539 n 18, 213 P3d 1225 (2009) (a statement is not *dictum* if it concerns "the only issue addressed by the parties on appeal and resolved by the Court of Appeals").

The fact that a prior construction amounts to *dictum* does not, by itself, mean that it was incorrect and without any force whatsoever. It merely means that we are

13

not *required* to follow it as precedent. The prior construction, even if *dictum*, could have persuasive force because of the soundness of its reasoning.

In this case, however, we conclude that the *dictum* in *Bennett* lacks such persuasive force. It is one thing to resort to legislative history to resolve an ambiguity in statutory phrasing, which is precisely what the court properly did in *Bennett* in addressing the issue that was briefed, namely, the meaning of the phrase "prevails in the action" as it is used in ORS 20.080(2). It is another thing entirely, however, to resort to legislative history as a justification for inserting wording in a statute that the legislature, by choice or oversight, did not include. Legislative history may be used to identify or resolve ambiguity in legislation, not to rewrite it. *US West Communications v. City of Eugene*, 336 Or 181, 188, 81 P3d 702 (2003) (explaining that courts may not rewrite statutes to insert what the legislature has omitted); *Dilger v. School District 24CJ*, 222 Or 108, 112, 352 P2d 564 (1960) ("It is axiomatic that the courts cannot in the guise of construction supply an integral part of a statutory scheme omitted by the legislature.").

Plaintiff insists that, *Bennett* aside, this court should not hesitate to read into ORS 20.080(2) a prelitigation demand requirement because the statute is "remedial," and, as such, should be construed liberally. It is, of course, an ancient maxim that remedial statutes are to be construed liberally to effectuate the purposes for which they were enacted. *See, e.g.*, *Stanley v. Smith*, 15 Or 505, 510, 16 P 174 (1887) (remedial statutes "are to be liberally construed and applied for the purpose of giving full effect to the legislative intent"). But it is a maxim that guides the interpretation of statutory wording that the legislature actually enacted. It is not a justification for supplying statutory

14

wording that the legislature did not pass into law. *See, e.g.*, *Stockton v. Silco Construction Co.*, 319 Or 365, 376, 877 P2d 71 (1995) ("This court is not at liberty, however, to read into a remedial statute a remedy that the legislature did not intend to create."); *Reynaga v. Northwest Farm Bureau*, 300 Or 255, 262, 709 P2d 1071 (1985) ("The Workers' Compensation Act is remedial in character and should be liberally construed in favor of the injured worker, although, of course, this court cannot depart from the language of the statute.").

Plaintiffs argue that, because the manifest policy of the prelitigation demand-letter requirement of ORS 20.080(1) is "to encourage pre-litigation settlement of small but meritorious tort claims," failing to read ORS 20.080(2) to incorporate the same requirement would "thwart" that policy. In particular, plaintiffs argue, it would subject plaintiffs to the incentive to settle such claims but relieve defendants of the same incentive to settle counterclaims. According to plaintiffs, "[w]ithout pre-litigation notice of a counterclaim, there can be no pre-litigation settlement of it."

Plaintiffs' policy argument is unavailing for at least two reasons. First, as we have noted, even assuming that plaintiffs are correct in their characterization of the legislative policy reflected in ORS 20.080(1), we simply do not have authority to rewrite the terms of a statute to accomplish what we may suspect the legislature intended but did not actually enact into law.

Second, while plaintiffs may be correct in identifying the legislative policy reflected in subsection (1) of ORS 20.080, their argument that the same policy must be reflected in subsection (2) does not necessarily follow. The legislature could well have

15

determined that requiring a defendant to tender a demand letter before filing a counterclaim would not serve the same purpose as requiring a plaintiff to do so before initiating the litigation in the first place. The legislature could have believed that, by the time that litigation has been commenced by the filing of a complaint, the parties would have discussed all relevant claims and counterclaims arising out of the dispute. Our point is not that the legislature actually reached that conclusion. It is only that the legislature could have done so, thus defeating plaintiffs' contention that no plausible policy justification exists for treating plaintiffs and defendants differently in ORS 20.080.

In point of fact, ORS 20.080 is not the only instance in which the legislature has done precisely that. ORS 20.082(2), for example, provides that, in small contract claims, the prevailing party -- plaintiff or defendant -- may recover attorney fees. ORS 20.082(3) then provides that "[a]ttorney fees may not be awarded to a *plaintiff* under the provisions of this section" unless the plaintiff filed a prelitigation demand letter. (Emphasis added.) The statute says nothing about defendants.

Similarly, ORS 20.098(1) provides for an award of attorney fees and expert witness costs to a plaintiff who prevails in certain breach-of-warranty cases, if the plaintiff made a prelitigation written demand and allowed the defendant an opportunity to inspect any property pertaining to the claim. ORS 20.098(2) then provides that, if the defendant prevails on such a claim, "the court may in its discretion allow reasonable attorney fees," without any mention of a prelitigation demand requirement.

Plaintiffs finally argue that, if we conclude that ORS 20.080(2) does not impose a prelitigation demand-letter requirement, we should apply that interpretation

16

only prospectively.  Citing *Schlimgen v. May Trucking Co.*, 335 Or 143, 152, 61 P3d 923 (2003), and *Peterson v. Temple*, 323 Or 322, 332, 918 P2d 413 (1996), they argue that their reliance on *Bennett* throughout the litigation of this case justifies the exercise of this court's discretion not to apply the statute to them.

The cases on which plaintiffs rely, however, pertain to this court's decision whether to give only prospective effect to *a rule of its own making*.  None concerns whether this court has discretion to give such limited effect to its interpretation of a legislative enactment.[4]  We are not persuaded that we have, or should exercise, discretion to apply our decision in this case prospectively only.

The order of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

---

[4]     The exercise of judicial discretion to apply interpretations of statutes only prospectively may raise significant constitutional issues concerning justiciability, equal treatment, and separation of powers.  *See, e.g.*, *Harper v. Virginia Dept. of Taxation*, 509 US 86, 97, 113 S Ct 2510, 125 L Ed 2d 74 (1993) (prohibiting selectively prospective application of federal law decisions because the courts lack "constitutional authority * * * to disregard current law or to treat similarly situated litigants differently") (citation and internal quotation marks omitted); *James B. Beam Distilling Co. v. Georgia*, 501 US 529, 537, 111 S Ct 2439, 115 L Ed 2d 481 (1991) ("selective prospectivity * * * breaches the principle that litigants in similar situations should be treated the same"); *see also Griffith v. Kentucky*, 479 US 314, 323, 107 S Ct 708, 93 L Ed 2d 649 (1987) (rejecting selective application of newly announced constitutional principle because "the integrity of judicial review requires that we apply that rule to all similar cases pending on direct review").

**KISTLER, J.,** concurring.

I join the majority's opinion holding that, under the text of ORS 20.080, the requirements that apply to a plaintiff who seeks fees under subsection (1) do not apply to a defendant who seeks fees under subsection (2). Textually, that conclusion is inescapable. I also agree with the majority that the statement to the contrary in *Bennett v. Minson*, 309 Or 309, 315, 787 P2d 481 (1990), is *dictum* and thus not binding. Disavowing the statement in *Bennett* raises problems, however.

Under the majority's opinion, a plaintiff may recover fees under ORS 20.080(1) only if the plaintiff makes a written demand on the defendant "not less than 10 days before the commencement of the action" and only if any award of damages that the plaintiff receives exceeds any tender that the defendant made before the action began. ORS 20.080(2), however, does not impose those conditions on a defendant's right to recover attorney fees when the defendant prevails on a counterclaim; that is, ORS 20.080(2) does not require a written demand before filing a counterclaim, nor does it condition a defendant's right to recover attorney fees on the defendant's recovering more on the counterclaim than the plaintiff had tendered.[1]

It is difficult to see the reason for that difference. If the conditions that

---

[1] It may be that a plaintiff's tender would be effective under ORCP 54 E to limit any attorney fees that a defendant incurred after the tender; that is, it may be that the conflict that the court found between ORS 20.080(1) and ORCP 54 E in *Powers v. Quigley*, 345 Or 432, 198 P3d 919 (2008), would not exist between ORS 20.080(2), as the court has now interpreted it, and ORCP 54 E. That issue is not before the court, however, and the court accordingly expresses no opinion on it.

1

plaintiffs must meet to recover attorney fees promote settlement of their claims, then the absence of those conditions removes an incentive for defendants to settle their counterclaims. The message from the court's opinion is clear, however: If the legislature did not intend to excuse defendants from satisfying the same (or comparable) conditions that it requires plaintiffs to meet to recover attorney fees under ORS 20.080, then only the legislature can remedy that problem. This court's obligation is to follow the legislature's intent, as the legislature has expressed it, not to add words to the statute to supply, as the court in *Bennett* would have, what the legislature has omitted.