**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ROBLIN, an individual, | No. 20-35331 |
| Plaintiff-Appellee, | 20-35497 |
| v. | D.C. No. 6:17-cv-01902-MC |
| NEWMAR CORPORATION, an Indiana corporation, | MEMORANDUM* |
| Defendant-Appellant, | |
| v. | |
| FREIGHTLINER CUSTOM CHASSIS CORP., | |
| Third-party-defendant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted June 10, 2021
Portland, Oregon

Before: WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Robert Roblin purchased a motor home manufactured and warranted by Newmar Corporation. It repeatedly broke down. The problems at issue in this appeal primarily arose from defects in the chassis concerning the engine's cooling system, which was manufactured and warranted by Freightliner Custom Chassis Corporation. The district court granted summary judgment to Roblin on his claim against Newmar under Oregon's Lemon Law, Or. Rev. Stat. § 646A.400, *et. seq.*[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. In relevant part, the Oregon Lemon Law provides:

(1) If the manufacturer or agents or authorized dealers of the manufacturer are unable to conform the motor vehicle to an applicable manufacturer's express warranty . . . after a reasonable number of attempts, the manufacturer shall:

(a) Replace the motor vehicle with a new motor vehicle; or

(b) Accept return of the vehicle from the consumer and refund to the consumer the full purchase or lease price and collateral charges paid, less a reasonable allowance for the consumer's use of the motor vehicle . . . .

Or. Rev. Stat. § 646A.404(1).

The district court correctly held that the statute made Newmar responsible for conforming the vehicle to Freightliner's express warranties, not simply its own. A statute's use of "the definite article, 'the,' indicates something specific." *State v. Lykins*, 348 P.3d 231, 238 (Or. 2015). Newmar is "the manufacturer" of the motor

---

[1] Roblin's claims against Freightliner were dismissed for lack of personal jurisdiction. Those claims were filed in federal court in South Carolina.

home, and as such is responsible for conforming "the motor vehicle"—not simply the specific parts it made—"to an applicable manufacturer's express warranty." Or. Rev. Stat. § 646A.404(1). If the Oregon legislature intended simply to prevent a manufacturer from disclaiming its own warranty, it surely could have said so more directly.[2]

Moreover, consumer protection statutes such as the Oregon Lemon Law are "construed liberally" to effectuate their remedial purposes. *Halperin v. Pitts*, 287 P.3d 1069, 1076 (Or. 2012). Newmar's interpretation of the statute would make a final manufacturer liable only for its own warranties, and force consumers to pursue piecemeal relief against each individual component manufacturer.

2. Under Oregon's Lemon Law, a manufacturer is liable if it is unable to "repair[] or correct[]" a nonconformity with a warranty "after a reasonable number of attempts." Or. Rev. Stat. § 646A.404(1). "It is presumed that a reasonable number of attempts have been undertaken" if "during the two-year period following

---

[2] Courts interpreting Ohio's similar Lemon Law—which requires "the manufacturer" to conform "the motor vehicle" to "any applicable express warranty," *see* Ohio Rev. Code Ann. § 1345.72(B)—have come to the same conclusion. *See Temple v. Fleetwood Enters., Inc.*, 133 F. App'x 254, 264–65 (6th Cir. 2005); *see also, e.g.*, *Sirlouis v. Four Winds Int'l Corp.*, No. 1:10 CV 00469, 2012 WL 1068709, at *13–14 (N.D. Ohio Mar. 29, 2012). The district court properly rejected Newmar's attempts to distinguish the Ohio statute based on its use of the word "any" rather than "an" as a "difference in search of a distinction." *See Lake Oswego Pres. Soc'y v. City of Lake Oswego*, 379 P.3d 462, 470 (Or. 2016) (noting that "a" is sometimes synonymous with "any").

3

the date of original delivery . . . nonconformity continues to exist" after "three or more" repair attempts, or if the motor home is out of service "for a cumulative total of . . . 60 or more calendar days." *Id*. § 646A.406(1).

a. Roblin qualifies for the statutory presumption under either basis. The mobile home was out for warranty repairs for more than 60 days. And at least five attempts were made to repair or correct the engine cooling system.

b. Newmar offered no evidence to rebut the statutory presumption. The district court correctly rejected its argument that each repair addressed a different nonconformity because each involved different parts of the same engine cooling system. Similarly unavailing is Newmar's assertion that the presumption is rebutted because some of the individual repairs were temporarily successful. Rather, the statute merely requires a nonconformity to remain after "a reasonable number of attempts." Or. Rev. Stat. § 646A.404(1).

3. The Oregon Lemon Law allows an offset against statutory damages for a "reasonable allowance" of vehicle use, defined as "an amount of money equivalent to the motor vehicle mileage as described in paragraph (b) of this subsection, multiplied by the combined amount of the cash price or lease price of the motor home and the amount of any collateral charges paid by the consumer, and divided by 90,000." *Id.* § 646A.404(3)(a)(C). "[T]he motor vehicle's mileage" is calculated

4

"at the time the manufacturer takes an action described in subsection (1) of this section." *Id.* § 646A.404(3)(b).

The district court did not err in calculating mileage at the date of the third failed repair attempt, rather than at the date Newmar accepted return of the vehicle. The calculation is to be made "at the time the manufacturer takes an action described in subsection (1) of this section." The only "action[s]" described in § 646A.404(1) are attempts to conform the vehicle to the applicable warranty. By contrast, the next section of the Lemon Law which deals with the manufacturer's obligation to retitle a returned vehicle, Or. Rev. Stat. § 646A.405(1), explicitly applies to "an action with respect to a motor vehicle under ORS 646A.404(1)(a) or (b)." The lack of reference to the subsections of § 646A.404(1) in the mileage calculation provision of § 646A.404(3)(b) confirms that the legislature meant the relevant calculation date to be the third failed attempt to conform the vehicle to the warranty, *i.e.*, the date it became a "lemon," not the date of its return. Moreover, use of the date of the last repair attempt supports the remedial purpose of the statute by disincentivizing manufacturers from refusing or delaying return of the vehicle. *See Halperin*, 287 P.3d at 1076.

4. "The court may award reasonable attorney fees, fees for expert witnesses and costs to the prevailing party in an appeal or action under [the Lemon Law] that involves a motor home." Or. Rev. Stat. § 646A.412(3). Because we affirm the

5

judgment below on the merits and Newmar does not contest that the district court's fee and costs awards were reasonable if Roblin properly prevailed, we affirm those awards.

**AFFIRMED**.[3]

---

[3] Roblin's unopposed motions for judicial notice, **Dkt. 32** (case 20-35331); **Dkt. 24** (case 20-35497), are **GRANTED**.